**Hazel G. SYKES, Plaintiff-Appellant**

v.

**Robert E. FINCH, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 18814.**

United States Court of Appeals, Seventh Circuit.

May 27, 1971.

**193**

Jerry T. Stafford, Peoria, Ill., for plaintiff-appellant.

Donald B. Mackay, U. S. Atty., Springfield, Ill., Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., L. Patrick Gray, III, Asst. Atty. Gen., Frank J. Violanti, U. S. Atty., Kathryn H. Baldwin, Ronald R. Glancz, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and PELL, Circuit Judges.

CASTLE, Senior Circuit Judge.

Plaintiff-appellant, Hazel G. Sykes, brought this action in the District Court to review the decision of the Secretary of Health, Education and Welfare that plaintiff was not entitled to disability insurance benefits under the Social Security Act. On cross-motions for summary judgment, the court found that the Secretary's final decision was supported by substantial evidence, and entered judgment for the Secretary and against the claimant plaintiff. The court also denied the plaintiff's motion for a remand. The plaintiff appealed.

The plaintiff predicates the existence of error requiring a reversal of the judgment of the District Court, and a remand of the proceeding to the Secretary for a rehearing, on her contentions that (1) the hearing examiner who reviewed her claim *de novo*, after initial denial of her application by the Social Security Administration, applied an impermissible standard in reaching the conclusion that plaintiff was not under a "disability" as defined under the pertinent section of the Social Security Act,[1] and (2) plaintiff's lack of representation by counsel in the administrative proceeding deprived her of a full hearing and resulted in such unfairness as to constitute lack of due process.

Plaintiff's contention that the hearing examiner employed an incorrect standard in reaching his ultimate conclusion that plaintiff was not under a "disability" which qualified her to receive benefits is premised on the fact

---

1. Section 223(d) of the Social Security Act, 42 U.S.C.A. § 423(d).

that the record discloses that at one place in the opinion filed by the hearing examiner he made an observation that:

"\* \* \* there is substantial evidence to support a conclusion that the claimant does not have a disease or impairment of such severity as to preclude her from engaging in her regular work as a printing inspector, or comparable sedentary or semi-sedentary light factory visual inspection work of small manufactured products."

Plaintiff correctly points out that the "substantial evidence" test is not the proper criterion for determining disability in the first instance.[2] But, when the observation above quoted is considered in its context it is clear that the hearing examiner did not employ the "substantial evidence" test as the determinative criterion in his finding of lack of qualifying disability. The observation was made only after the examiner had already concluded, on the basis of a detailed exposition and consideration of the medical findings and evidence (which consisted of the medical reports of six doctors and two hospitals) that the "weight of the evidence" did not establish the requisite inability to work. The observation with respect to "substantial evidence" was made in connection with a recapitulation of the objective medical evidence which had earlier been considered in detail and, in the context of the record herein, may logically be viewed as an expression, perhaps inapt, designed and intended to distinguish the diagnostically substantiated views expressed by five of the six doctors from the statement of one of the plaintiff's treating physicians, in conflict with those views, and to the effect that:

"[S]he will never be well. I believe she is permanently disabled and will not be able to work."

which statement is not supported by any medically acceptable clinical or laboratory diagnostic data or findings. This statement was therefore properly discountable as insubstantial. 42 U.S.C.A. § 423(d) (3); Steimer v. Gardner, 9 Cir., 395 F.2d 197, 198. And it was properly distinguishable from the diagnostically substantiated views expressed by all of the other doctors. But, more important, the hearing examiner expressly points out in the opinion that his findings are "[b]ased upon the weight of all of the objective evidence". Analysis of the examiner's opinion considered as a whole convinces us that his findings and his ultimate determination were predicated upon application of the proper standard. Moreover, the Appeals Council in its own independent consideration of "all the evidence" agreed with the examiner's decision.

We perceive no basis for positing the existence of reversible error on the examiner's reference to "substantial evidence". And, from our review of the record we are satisfied that the District Court could properly have reached no other conclusion than that there is ample substantial evidence to support the Secretary's decision.

■ Plaintiff's remaining contention is that lack of representation by counsel at the agency proceedings requires a remand to the Secretary for a rehearing. This Court in Granger v. Finch, 7 Cir., 425 F.2d 206, had occasion to observe, in connection with an agency proceeding such as the one here involved, that it is mere speculation to insist that legal representation is necessary to ensure a fair and impartial hearing for the claimant. Absent a showing of clear prejudice or unfairness in the proceeding, lack of representation by counsel is not a sufficient cause for remand. Domozik v. Cohen, 3 Cir., 413 F.2d 5, 9; Cross v. Finch, 5 Cir., 427 F.2d 406, 409.

The record here discloses that plaintiff was informed of her right to be represented by counsel before the hearing

2. But under Section 205(g) of the Social Security Act, 42 U.S.C.A. § 405(g), the "substantial evidence" test does apply in the judicial review of the Secretary's administrative findings. Moon v. Celebrezze, 7 Cir., 340 F.2d 926, 930; Jones v. Celebrezze, 7 Cir., 331 F.2d 226, 227.

examiner. In the Notice of Reconsideration Determination the Social Security Administration sent the plaintiff advising her of her right to request a hearing before a hearing examiner of the Bureau of Hearings and Appeals she was urged to read an enclosed leaflet for a full explanation of her right to appeal. The leaflet expressly informed plaintiff that she could be represented by counsel. The Request for Hearing subsequently filed by the plaintiff left blank the space provided for her representative's signature and expressly waived her right to appear and give evidence before the examiner. And, it is apparent from the record that the plaintiff is a mature, reasonably intelligent and astute person.

Plaintiff makes no showing of prejudice or unfairness in the proceeding. She urges only that counsel would be able more forcibly to present her claim. And there is no showing of good cause to remand for the taking of additional evidence before the Secretary which would show the requisite disability. Lamar v. Celebrezze, 7 Cir., 354 F.2d 645, 648.

The judgment order of the District Court is affirmed.

Affirmed.