James J. **REARDON**

v.

Caspar **WEINBERGER,** Secretary of Health, Education and Welfare.

Civ. A. No. 73–2217.

United States District Court,
E. D. Pennsylvania.

Jan. 3, 1975.

James J. Orlow, Philadelphia, Pa., for plaintiff.

William J. McGettigan, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## OPINION

DITTER, District Judge.

Plaintiff brought this action to review a final decision by the Secretary of Health, Education and Welfare which denied disability benefits provided by section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Before me is a motion by the Secretary for summary judgment and a motion of plaintiff to remand for the receipt of additional evidence and the making of further findings.

James J. Reardon is forty-four years old and has completed the twelfth grade. He was in the Navy for two years,

working in an office. He then had a job at ITE doing heavy electrical assemblies, and his final employment was as a hospital security guard. In October, 1971, plaintiff filed the present[1] claim contending he became disabled on December 15, 1970, and alleging permanent physical impairment because of a cyst on the pancreas and fluid in his lungs. This claim was refused by the Secretary on the grounds that plaintiff has the residual functional capacity and the educational and vocational background to do various types of sedentary work. During these proceedings, plaintiff was not represented by an attorney.

■ The scope for reviewing the Secretary's decision is narrowly prescribed. I cannot try the matter de novo, Toborowski v. Finch, 363 F.Supp. 717, 718–719 (E.D.Pa.1973), but rather must examine the entire record to see if the ruling is supported by substantial evidence. Ginsburg v. Richardson, 436 F.2d 1146, 1148 (3d Cir.), cert. denied, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 (1971).

■ After carefully reviewing the record and briefs I find that the Secretary's decision on the whole was based upon substantial evidence. I agree that Reardon has not presented sufficient evidence to prove the existence of a disability as defined by the Act in regard to the pseudocyst of the pancreas or lung impairment.[2] While the record shows that plaintiff suffered severely from various illnesses connected with his pancreas and lungs it is plain that he has recovered from them. Furthermore, a vocational expert testified that within this geographical region there existed various sedentary jobs in line with plaintiff's limited physical capacity.

There are, however, two areas of inquiry that either were not sufficiently developed on the record or considered by the Secretary that mandate a remand of this case.

One of the physical impairments from which Reardon claims he is suffering is porphyria. Acute intermittent porphyria is an inherited metabolical disorder. Outward manifestations include severe abdominal pain, respiratory problems and pain in the back and the extremities. It is difficult to diagnose and notorious in mimicking other illnesses. Frequently it is associated with psychiatric disorders and excessive alcohol intake is considered one of the possible precipitating factors in the onset of this disease. See Tschydy, *Porphyrin Metabolism and the Porphyrias*, Diseases of Metabolism (7th ed. P. Bondy & C. Rosenberg eds. 1974).

While the Secretary found that plaintiff suffered from porphyria, he concluded that under the Act's definition Reardon was not disabled. In reviewing the hearing record I agree. Only limited evidence as to the existence and effect of porphyria on plaintiff was introduced. Without counsel and knowledge of the ramifications of the disease, Reardon did not meet the burden of proving he had a medically determinable disability. However, after his appeal was denied, he obtained an attorney who communicated with the Secretary's Appeals Council, presenting additional information and requesting that the record be reopened in order to allow plaintiff to prove he was disabled by porphyria. This evidence was not considered; rather the Appeals Council simply extended the time allowed plaintiff to commence the present suit.

---

1. In April, 1970, plaintiff filed a disability claim for benefits commencing on November 14, 1968. He received payments until June, 1970, when it was decided that the particular disability had ended. Claimant took no appeal from this decision.

2. 42 U.S.C. § 423(d)(2)(A) provides [a]n individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . .

**1212**

■ Mindful of the beneficent purpose of the Social Security Act and the tolerant standard to be applied to those administrative proceedings especially when a claimant is not represented by counsel, Hess v. Secretary of Health, Education and Welfare, 497 F.2d 837, 840 (3d Cir. 1974), I conclude this case must be remanded to the Secretary so he may receive additional evidence as to Reardon's illness and its probable effects. The fact that Reardon may have porphyria might explain the physical and psychological symptoms he has experienced in the last decade.

The Secretary argues that a remand may be ordered only where "good cause" has been shown and that there must be new evidence to be considered. Sykes v. Finch, 443 F.2d 192 (7th Cir. 1971). I think plaintiff has shown good cause to be allowed to introduce additional evidence at the hearing level. Not only does he hope to present clinical findings which usually have great probative value, but there is also the fact that the porphyria itself may have prevented an adequate presentation of his original case.[3]

■■ Secondly, I find that the Secretary's consideration of plaintiff's subjective complaints of pain, nervousness, and dizziness was inadequate. While subjective pain by itself may be enough to support a finding of disability, Bittel v. Richardson, 441 F.2d 1193, 1195 (3d Cir. 1971), pain does not automatically make a man disabled. Timmerman v. Weinberger, 375 F.Supp. 641, 645 (E.D.Mo.1974). It is, however, the duty of the Secretary to either accept or reject such testimony, not ignore it as he has done here.

I conclude, therefore, that this case must be remanded to the Secretary for further proceedings consistent with this opinion.

---

3. This does not, of course, eliminate the burden the claimant is under to prove the existence of a disability. 42 U.S.C. § 423(d)(5).

Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38, 41 (2d Cir. 1972).