**Peter J. GRONBECK**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

Civ. No. 81–5065.

United States District Court, D. South Dakota.

March 19, 1982.

---

Todd A. Schweiger, Rapid City, S. D., for plaintiff.

Philip N. Hogen, U. S. Atty., Sioux Falls, S. D., for defendant.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

Plaintiff, Peter J. Gronbeck, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Secretary of Health and Human Services, denying his claim for disability benefits.

Plaintiff first applied for disability benefits on May 9, 1980. He stated that he became unable to work as a travelling sales representative as a result of convulsions, seizures, and other conditions which occurred on April 14, 1980, and continued thereafter. The application was denied initially, and upon reconsideration, was again denied. The administrative law judge (ALJ), before whom plaintiff appeared, represented by his attorney, found, *inter alia* : (1) that plaintiff met the special earnings requirement of the Act on April 14, 1980, and thereafter through the date of the hearing held October 10, 1980; (2) that plaintiff suffered an impairment, namely a seizure disorder; but that (3) the disorder "appears to be controlled by medication;" and, (4) that plaintiff has the residual functional capacity to perform work-related functions "except for work involving dangerous machinery and heights;" (5) that plaintiff's past relevant work as a salesman did not require either working with dangerous machinery or heights, "in most cases;" (6) that since plaintiff's impairment did not preclude his performance of past relevant work, he was not disabled, as defined in the Act, "at any time through the date of this decision for a full 12 month period." (R. 21–22). These findings became the final decision of the Secretary on March 4, 1981.

The defendant has moved this Court for its order granting the defendant summary judgment in its favor. No good cause appearing, that motion is hereby denied. The plaintiff contends that the decision of the Secretary was not based upon substantial evidence and should be reversed. This Court agrees. Additionally, the plaintiff requests the Court to remand this action to the Secretary, for further proceedings and for consideration of new material evidence bearing upon his claim for disability benefits. For the reasons set forth in this order, this Court reverses the decision of the Secretary and grants plaintiff's motion to remand for further proceedings.

## II.

■ 42 U.S.C. § 405(g) provides that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . . " While the Court cannot review the matter *de novo*, we must examine the record as a whole and determine whether the conclusions reached are rational and whether substantial evidence in the record supports the Secretary's findings. The "substantial evidence test" does not mean that the Secretary's findings must be accepted blindly. The test requires this Court critically to search the record and set aside the Secretary's decision where necessary to insure a result consistent with congressional intent and fundamental fairness. *Bullard v. Califano*, 443 F.Supp. 902 (W.D. Mo.1978).

Under the Act, the claimant must establish the existence of a disability as defined by 42 U.S.C. § 423(d). *Yawitz v. Weinberger*, 498 F.2d 956, 959 (8th Cir. 1974). To satisfy the statutory criteria, plaintiff must show that he has a medically determinable impairment that will last for at least twelve months. He must also prove he is unable to engage in substantial gainful activity because of that impairment. More precisely:

The claimant has the burden of showing an inability to perform [his] past occupation due to the medically determinable ailment. Once [he] has done so, the burden shifts to the Secretary to show that the claimant can perform some other type of substantial gainful employment. *Johnson v. Califano*, 572 F.2d 186 (8th Cir. 1978).

## III.

The record shows that since 1976 plaintiff has visited numerous doctors and specialists, complaining of periodic seizures or convulsions, both severe and mild. Plaintiff

further claimed to suffer from blackouts, memory lapses, dizziness and temporary paralysis on his left side. After April, 1980, plaintiff states that, due to these conditions, he was unable to continue working in his past occupation as a travelling sales representative. He claimed he could no longer do any physical labor, and could not walk or stand for long periods without resting. He also claimed that while driving, he experienced several blackouts and lost control of his automobile. As a result of these experiences, consistent with his doctor's advice, plaintiff felt compelled voluntarily to relinquish his driver's license.

The medical records report plaintiff's claim that he twice suffered toxic exposure to substances known as "2–4D" and "Agent Orange"—both highly toxic herbicides. Although no evidence conclusively proved this exposure to be a cause of plaintiff's problems, most of the doctors who examined plaintiff agreed that toxic exposure to 2–4D could account for his symptoms. The record also shows that plaintiff required hospitalization and treatment after and in spite of doctors' attempts to control his symptoms with medication. Since he experienced problems with seizures and dizziness, plaintiff has tried unsuccessfully to secure employment.

### IV.

This Court finds that the Secretary erred in the following respects:

■ A. The Secretary based his decision upon inconsistent findings of fact. First, the ALJ stated "there is no evidence as to the control effects of his current medication." (R. 21). Then, the ALJ found that "the claimant's disorder appears to be controlled by medication." (R. 22). There is no substantial evidence in the record to support this conclusion. The examinations of Doctors Janss and Ittzes show that plaintiff continues to experience seizures even though he takes Phenobarbitol and Dilantin, as prescribed. Competent evidence also shows other impairments, not mentioned by the ALJ, also continue uncompletely controlled by medication.

■ B. The ALJ failed to make specific findings accepting or rejecting medical evidence of other impairments in addition to the seizures and convulsions, which he affirmed as an impairment. The evidence shows that plaintiff was diagnosed as suffering from the following medically determinable impairments: convulsions, severe and mild; mild enlargement of the heart with arrythmia and PVC's; mild atrophy of muscles of lower left extremity; bilateral pes planus; possible hypoglycemia. The findings of the ALJ, which became those of the Secretary, were minimal and do not address all the relevant medical evidence of impairments. The failure of the ALJ to make explicit findings concerning other contributing impairments leads this Court to the conclusion that they were ignored. *Baerga v. Richardson*, 500 F.2d 309, 312 (5th Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S.Ct. 1133, 43 L.Ed.2d 403 (1973). Clearly, a "claimant's illnesses must be considered in combination and must not be fragmentized in evaluating their effects. . . . The fact that each illness alone may not be disabling is not conclusive on the question of whether the individual is disabled." *Dressel v. Califano*, 558 F.2d 504, 508 (8th Cir. 1977); *Davis v. Califano*, 605 F.2d 1067 (8th Cir. 1979).

■ Additionally, the ALJ, in referring to the seizures, noted that their "etiology" was unknown and that the seizures were "episodic." It is well settled that the etiology of a medically determinable impairment need not be identified precisely, by reference to objective medical evidence. *McLaughlin v. Secretary of HEW*, 612 F.2d 701 (2nd Cir. 1980). Thus, it was clear error for the ALJ in this case to require, as he did, sufficient "evidence to establish an etiology for the seizures." (R. 21).

Further, the fact that seizures, blackouts, dizziness or other symptoms are "episodic" does not preclude a finding of a disability within the meaning of the Act. The "continuous period" language of § 423(d)(1)(A) does not require a claimant to show an inability to engage in any substantial gain-

ful activity every day of his life. *Totten v. Califano*, 624 F.2d 10, 11 (4th Cir. 1980). Accordingly, courts have found claimants "disabled" under the Act, when they suffered sporadic blackouts, dizziness and seizures. *Id.; Davis v. Califano*, 605 F.2d at 1069.

■■■ C. The ALJ failed to make specific findings concerning plaintiff's subjective complaints of blackouts, dizziness, nervousness and partial paralysis of the left side. Subjective complaints alone may support a claim for disability benefits. *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3rd Cir. 1971). Nonetheless, it is clear that the Secretary must make specific findings accepting or rejecting such testimony, not ignore it as he has done here. *Reardon v. Weinberger*, 387 F.Supp. 1210 (E.D.Penn.1975). If he accepts the testimony, the ALJ must specifically state that he has considered the subjective symptoms along with evidence of objectively determined impairments, in determining whether a claimant is disabled.

D. Since the ALJ did not specifically state the evidence he considered relevant, it is not clear whether he properly considered the medical reports which formed the basis of the decision of the Veterans Administration to grant plaintiff permanent and total disability status and benefits. It is true that a VA determination of disability is not conclusive in this context. *Gyurko v. Harris*, 487 F.Supp. 1121 (D.Conn.1980); *Kroeneke v. Richardson*, 363 F.Supp. 891 (D.Or. 1973). The medical evidence, however, which supported that decision, is relevant to the Secretary's decision. Since the VA medical reports were submitted by plaintiff, with the approval of the ALJ, *after* the hearing, it is not clear that this evidence was adequately developed or considered.

■■ E. The ALJ found only that Plaintiff was not under a disability "at any time through the date of this decision for a full 12 month period." (R. 22). Since plaintiff claims his disability began in April, 1980, it would be impossible for him to establish a twelve month disability period prior to the date of the ALJ's decision, on November 28, 1980. It should have been apparent to the

ALJ, therefore, that plaintiff was relying upon that portion of section 223(d)(1) which defines a disability as one which *"can be expected to last* for a continuous period of not less than twelve months." (Emphasis added.) The finding of the ALJ was erroneous and incomplete, since he failed to find whether plaintiff's claimed disability could last beyond the date of his decision, continuously, until twelve months from April, 1980. There exists in the record evidence upon which such a conclusion may be based. In this context, the ALJ should again consider the totality of plaintiff's claimed impairments, not one or all individually.

■■ F. The ALJ failed to develop vocational evidence. At the hearing, the only witnesses were plaintiff and his wife. The issue in this case was whether plaintiff was able to perform his past work as a travelling sales representative. The Eighth Circuit Court of Appeals has held that where "the essential issue relates to the capacity of the claimant to perform a specific job and there is no other evidence on that issue, in order for the record to be fully and fairly developed, a vocational expert should be called." *Ragsdale v. Secretary, Department of HEW*, 623 F.2d 528, 530 n. 3 (8th Cir. 1980). In this case the only evidence of plaintiff's ability to perform his past work was his own denial. Clearly, this case should be remanded to the Secretary to have current medical data supplied and evaluated by a vocational expert to determine if plaintiff can perform any substantial gainful activity. *Accord, Willem v. Richardson*, 490 F.2d 1247 (8th Cir. 1974). Thus, the present incomplete record cannot supply substantial evidence to support the ALJ's finding that the claimant's impairments do not prevent the performance of his past relevant work. On remand, the vocational expert should be instructed to consider the fact that plaintiff may not acquire a driver's license, due to his record of seizures, blackouts and dizziness. The ALJ should further develop and submit to the expert any medical evidence that plaintiff's medication may have disabling side effects. *See, e.g., Figueroa v. Secretary of HEW*, 585 F.2d 551 (1st Cir. 1978).

G. Finally, plaintiff has offered new evidence concerning the nature and duration of his medically determinable impairments. The evidence consists of hospital records and medical examination reports made during the hospitalization of plaintiff in November, 1981, as a result of continuing, frequent seizures, bradycardia and frequent PVCs. This new material evidence further corroborates and supplements prior medical evidence. The material is especially significant, however, as it tends to support the plaintiff's claim of severe and disabling conditions which have persisted since April, 1980, notwithstanding continued medication and treatment. 42 U.S.C. § 405(g) specifically authorizes this Court to order the Secretary, on remand, to take the additional evidence "for good cause." *Johnson v. Harris*, 612 F.2d 993 (5th Cir. 1980). Plaintiff has demonstrated good cause to require the Secretary to make new findings, consistent with the requirements set out by the authorities cited herein, in light of the additional evidence.

Accordingly, this Court finds the decision of the Secretary to be based upon an incomplete record and upon findings not based upon substantial evidence.

The above constitutes this Court's findings of fact and conclusions of law.