**Norene HOLNDONER, Plaintiff,**

v.

**Richard SCHWEIKER, Secretary of Health and Human Services, Defendant.**

No. 81 C 5428.

United States District Court, N. D. Illinois, E. D.

June 28, 1982.

Deborah Spector, Chicago, Ill., for plaintiff.

Joan Laser, Asst. U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Norene Holndoner ("Holndoner") seeks review of a decision by the Secretary of Health and Human Services (the "Secretary") denying disability insurance benefits under the Social Security Act (the "Act"), 42 U.S.C. §§ 416(i) and 423. As is customary in these cases, the parties have filed cross-motions for summary judgment. For the reasons stated in this memorandum opinion and order both motions are denied and the case is remanded to the Secretary for further proceedings.

This Court must review the Secretary's finding to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Holndoner claims error in the Secretary's finding because (1) she was unrepresented by counsel at the administrative hearing and thereby deprived of a full and fair hearing and (2) the Secretary's finding is not supported by substantial evidence.

### Lack of Counsel

Holndoner was not represented by counsel before or during her administrative hearing. Our Court of Appeals held in *Sykes v. Finch*, 443 F.2d 192, 194 (7th Cir. 1971):

> Absent a showing of clear prejudice or unfairness in the proceeding, lack of representation by counsel is not a sufficient cause for remand.

At the outset this Court has reservations as to the sufficiency of Holndoner's waiver of her right to counsel.[1] As a recent Eleventh Circuit opinion pointed out, *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982):

> Mr. Smith understood only what the inadequate notice stated: that he did have a right to counsel. The flaw in these notices is their failure to inform the claimant fully as to the possibility of free counsel and limitations on attorney fees to 25% of any eventual award. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981).

Holndoner's waiver was very similar to that in *Smith*. But *Smith*, like *Sykes*, held the applicant must still show prejudice resulting from the lack of counsel. This

---

1. Holndoner does not specifically raise this issue. Nonetheless the Secretary should consider addressing the problem for the future.

Court need not determine whether Holndoner's waiver was adequate unless it first finds "clear prejudice or unfairness."

Holndoner advances only one fact to that end. Administrative Law Judge ("ALJ") Irving Stillerman had as part of the evidence before him the letter of consulting physician Dr. John F. Mullan ("Dr. Mullan"). Dr. Mullan said Holndoner was permanently disabled, but gave little explanation for that conclusion. ALJ Stillerman rejected Dr. Mullan's conclusion as unsupported by the medical evidence (Tr. 13).

Holndoner contends if she had been represented by counsel she would have introduced evidence on the basis for Dr. Mullan's conclusion. But Holndoner has submitted to this Court a February 9, 1982 letter from Dr. Mullan to Holndoner's counsel that undercuts her argument. In that letter Dr. Mullan stated there was nothing more he could explain in support of his conclusion. It was simply his opinion—based on evidence fully available to ALJ Stillerman—that Holndoner's condition was disabling. By definition no lack of such further "evidence" from Dr. Mullan prejudiced Holndoner.

■ In all other respects this Court finds ALJ Stillerman took all necessary precautions in dealing with a *pro se* claimant. When a claimant waives his or her right to counsel an ALJ has "a special duty . . . [to] . . . scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Smith*, 677 F.2d at 829. ALJ Stillerman discharged that duty most ably, and this Court therefore finds no prejudice resulted from Holndoner's lack of representation.

### Substantial Evidence

Any quick review of the advance sheets demonstrates the proliferation of disability litigation at both the District Court and Court of Appeals levels. Holndoner's action presents one of the most frequently encountered problems, and one that poses a difficult problem for reviewing courts like this one. Invariably the scenario unfolds this way:

Claimant presents the evidence of one or more personal physicians who invariably conclude claimant is disabled. Then there is a report of a Social Security Administration ("SSA") physician who concludes, usually based solely on an examination of claimant's medical records and without an actual physical examination, claimant is not disabled. Thus the ALJ is presented with a choice between (1) a physician who has personally treated claimant and may be more inclined to find a disability [2] and (2) a potentially more objective physician who has never even seen claimant.

■ Such conflicts between the personal physician and the SSA advisor should be resolved by the Secretary as factfinder. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). In addition the regulations specifically permit an ALJ to reject the conclusion of any doctor if unsupported by "the medical findings and other evidence . . . ." 20 C.F.R. § 404.1527.

But a long line of post-*Richardson* authority finds the opinion of a non-examining physician entitled to less weight than that of an examining physician. In *Allen v. Weinberger*, 552 F.2d 781, 786 (7th Cir. 1977) our Court of Appeals said opinions of non-examining physicians "have little force." It went on to quote *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir. 1974) for the proposition that such reports:

without personal examination of the claimant, deserve little weight in the overall evaluation of liability. The [medical] advisors' assessment of what other doctors find is hardly a basis for competent evaluation. . . .

That language has been repeated in *Carver v. Harris*, 634 F.2d 363, 364 (7th Cir. 1980)

---

**2.** Treating physicians often have long-standing relationships with their patients. It does not disparage their professionalism to suggest that human factors may (even subliminally) make them more prone to credit the indicia supporting a disability finding. Regrettably there may also be other physicians (like other "experts" we encounter in litigation) whose professional (sic) opinions are more or less controllable.

and *Cassiday v. Schweiker*, 663 F.2d 745, 748 (7th Cir. 1981). *Accord, Smith v. Schweiker*, 671 F.2d 789, 793 (3d Cir. 1982); *Davis v. Schweiker*, 671 F.2d 1187, 1189 (8th Cir. 1982); *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981).

It is of course dangerous to lay down a flat per se rule that every treating physician's opinion must always be given greater weight than a consulting physician's.[3] Viability of any medical opinion should depend on the particular facts, and the *Allen* principle is an important guide to that end.

This then brings the matter full circle to the *Richardson* doctrine that conflicts in medical testimony are to be resolved by the factfinder. But a reviewing court cannot abdicate its responsibility to decide whether such factual resolutions are grounded in substantial evidence. For that purpose it must be provided with a full explanation of the basis for the ALJ's decision.

In light of *Allen* and its progeny, the need for explanation is heightened whenever an ALJ rejects the findings of an examining physician in favor of a medical advisor who has looked only at records. This Court accordingly rules that if an ALJ deems it appropriate to rule against the examining physician, he or she must state the reasons for that decision in a manner sufficient to permit an informed review.

It remains to apply that principle to the facts of this case. ALJ Stillerman had the following medical evidence before him:

(1) Dr. Salazar, the physician who operated on Holndoner, reported on the surgery and post-operative period but expressed no opinion as to whether Holndoner was disabled (Tr. 77–84).

(2) Dr. Bartman, a consultant who examined Holndoner on one occasion 10 months after surgery, found her capable of sedentary but not light work.

(3) Dr. Mullan, another consultant (who also examined Holndoner just once), expressed the conclusory opinion that Holndoner was permanently disabled.

(4) SSA's medical advisor (whose signature is illegible) reviewed the medical records and found Holndoner capable of light work.

ALJ Stillerman held Holndoner capable of light work and therefore not disabled. Despite his careful review of the medical evidence[4] there is one major flaw in his opinion: He omitted any reason for rejecting Dr. Bartman's finding.[5] This is particularly important because (1) Dr. Bartman's report was much more extensive than Dr. Mullan's, (2) Dr. Bartman is a consultant used by SSA and (3) ALJ Stillerman relied in a different respect on Dr. Bartman's report (Tr. 12).

Thus the record lacks one critical piece of underpinning: a statement of the reason for rejecting the finding of an apparently reliable doctor who once examined Holndoner. Given that gap, this Court cannot responsibly discharge its duty to determine whether ALJ Stillerman's finding is supported by substantial evidence.

### Conclusion

Both motions for summary judgment are denied. In accordance with 42 U.S.C. § 405(g), the Secretary's decision is reversed and the cause is remanded to the Secretary for further proceedings consistent with this opinion.

---

3. For example two of the three "examining" physicians in this case saw Holndoner just once, and the surgeon who saw her many times expressed no opinion as to disability. *Allen* and other cases permit effect to be given to the extent of first-hand knowledge by the examining physician.

4. ALJ Stillerman specifically stated his basis for rejecting Dr. Mullan's conclusion.

5. If Holndoner is capable of only "light work," as Dr. Bartman concluded, she may nonetheless be "disabled." See 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.09 (Holndoner was but two weeks from her fiftieth birthday at the time of the hearing).