Evelyn GAGE, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 82 C 6592.

United States District Court, N.D. Illinois, E.D.

April 18, 1983.

7. Amended complaint 1.c

Charles V. Falkenberg, Jr., Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Eileen M. Marutzky, Asst. U.S. Atty., Steven J. Plotkin, Asst. Regional Atty., Donna Morros Weinstein, Regional Atty., Dept. of Health and Human Services, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

The instant action was instituted by plaintiff pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of the Department of Health and Human Services (the Secretary) denying plaintiff's application for the establishment of a period of disability. This Court had previously remanded the instant action to the Secretary for further proceedings. Before the Court are the parties' cross-motions for summary judgment. The issue before the Court is whether the final decision of the Secretary is supported by substantial evidence. The Court concludes that it is.

Plaintiff, Evelyn Gage, filed her application for a period of disability and disability benefits on September 27, 1979, alleging that she became unable to work on December 21, 1978 due to a heart condition. The application was denied both initially and upon reconsideration. On June 23, 1980, an Administrative Law Judge (ALJ) considered the case de novo. Mrs. Gage was not represented by counsel at the hearing. On September 4, 1980, the ALJ determined that the plaintiff was not entitled to benefits. In reaching this decision, the ALJ noted that the plaintiff last met the special earnings requirements of the Act on September 30, 1978 and that she did not suffer from "severe symptoms" on or prior to that date. In addition, he concluded that within 12 months of the onset of a disabling condition, the plaintiff had sufficiently recovered from her coronary bypass surgery and was capable of performing her previous sedentary bookkeeping work.

The ruling of the ALJ became the final decision of the Secretary when it was approved by the Appeals Council on December 2, 1980. Mrs. Gage then filed suit in this Court seeking reversal of the Secretary's decision. Both parties moved for summary judgment and on August 13, 1981, this Court ordered that the case be remanded to the ALJ for further proceedings. Gage v. Schweiker, No. 81 C 578 (N.D.Ill. August 13, 1981). On December 7, 1981, the ALJ conducted a supplemental hearing. On February 16, 1982, the ALJ determined that the plaintiff was not entitled to benefits.

Plaintiff was a 51-year-old high school graduate when she applied for benefits. In 1977, she terminated her employment as a retail clerk in order to care for her ill husband. The plaintiff had previously been employed as a bank teller and a bookkeeper. She has not worked since 1977.

In the initial hearing before the ALJ, the plaintiff testified that on December 21, 1978, she began to experience severe chest pains which prompted her to seek medical advice. She was then hospitalized and diagnosed as suffering from acute myocardial infarction. On March 13, 1979, she underwent double coronary bypass surgery. Although there have been no post-operative complications, plaintiff testified that she has experienced shortness of breath and pain in her knees.

Included in the medical evidence is a letter from Robert F. Yario, M.D., the treating physician who performed plaintiff's coronary bypass surgery. Dr. Yario stated that examination of her heart revealed a longstanding coronary and vascular disease. In addition he noted that it would be highly improbable that Mrs. Gage would have been able to work over the past one and a half years prior to her surgery because of severe coronary and vascular disease.

A report from Dr. Tahmooressi, the plaintiff's cardiologist, is also included in the medical evidence. Dr. Tahmooressi stated that the plaintiff had no post-operative complications or congestive heart failure with the exception of her complaints of shortness of breath and atypical pains. He

was uncertain whether the plaintiff could perform sedentary work.

In the supplemental hearing before the ALJ, the plaintiff testified that in March, 1978 she had episodes of chest pain and was examined by Dr. Philip Warsaw. The doctor also performed an electrocardiogram (EKG) and took X rays of plaintiff's chest. After examining the plaintiff and reviewing the results of the EKG, Dr. Warsaw's only diagnosis was a spastic bowel condition. Plaintiff testified that Dr. Warsaw did not diagnose a heart condition at that time. Plaintiff testified that thereafter she continued to suffer episodes of chest pain and that in July, 1978 she went to see Dr. Robert Yario. Plaintiff testified that she took her EKG with her and that Dr. Yario asked her to go into the hospital for tests. Plaintiff testified that she was fearful of going to the hospital and refused to do so. Dr. Yario did not make any diagnosis but told her to "take it easy." (Tr. 231). Plaintiff testified that she currently has some breathing difficulties.

In addition, the plaintiff submitted pulmonary function studies performed in November, 1981. The studies were interpreted as being consistent with moderate to severe obstructive airways disease. Also included in the medical evidence is a 24-hour EKG monitoring done during November, 1981. The monitoring showed occasional, predominantly unifocal, premature ventricular beats and a slightly depressed ST segment[1], but was otherwise unremarkable.

The pulmonary function studies and the 24-hour EKG monitoring were done under the direction of plaintiff's cardiologist, Dr. Tahmooressi. Plaintiff's counsel requested a continuance so that Dr. Tahmooressi could testify as to his interpretation of the tests. The ALJ denied counsel's request. However, the record was left open for two weeks so that plaintiff's counsel could furnish additional medical reports interpreting the pulmonary function studies and the 24-

hour EKG monitoring. Plaintiff's counsel failed to submit any such reports.

Based upon a review of the entire record, the ALJ once again rejected plaintiff's claim, concluding that she did not suffer from "severe symptoms" on or prior to September 30, 1978. In addition, he noted that within 12 months of the onset of the disabling condition, the plaintiff had sufficiently recovered from her cardiac surgery and was capable of performing her former sedentary bookkeeping work.

■ In order to prevail before the Secretary, plaintiff must establish that she was under a disability on or prior to September 30, 1978, and that she remained disabled for the following year. The issue before the Court is whether the final decision of the Secretary is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). A district court may not make its own appraisal of the evidence. *Johnson v. Weinberger,* 525 F.2d 403, 406–7 (7th Cir.1975). The reviewing court shall not "weigh the evidence or ... substitute its judgment for that of the administrative law judge," *O'Banner v. Secretary of H.E.W.,* 587 F.2d 321, 323 (6th Cir.1978); *Flowers v. Harris,* 616 F.2d 776 (5th Cir.1980), even though the court may reach "a different conclusion on the same evidence." *Pinkowski v. Califano,* 472 F.Supp. 318, 319 (E.D. Wis.1979).

■ The Court, upon careful review of the record in the present case and the findings of the ALJ, concludes that there is substantial evidence in the record to support the ALJ's decision. A March 4, 1978 examination of plaintiff by Dr. Philip Warsaw revealed only a spastic bowel condition. This medical evidence did not establish that the plaintiff was disabled as a result of severe heart impairment beginning from

---

[1]. The results of an EKG are presented on a graph which diagrams the beat of the heart, breaking the beat down into segments depending on the position of the heart muscle. The

ST segment is that portion of the beat following contraction immediately prior to the time at which the heart is at rest.

March 4, 1978. December, 1978 hospital records indicate that the onset of plaintiff's cardiac symptoms had been sudden and that the plaintiff had no similar episodes in the past. Evidence shows that even if the plaintiff was disabled prior to September 30, 1978, she had within 12 months regained the ability to do her previous sedentary work. While plaintiff testified that she had breathing difficulties and knee pain, she also testified that she is able to read, do light housework, gardening, go to church, help with the shopping and take care of her personal needs.

In support of her position, plaintiff claims that proper attention was not given to her testimony alleging chest pains nor to the June 30, 1978 report of plaintiff's treating surgeon. The Court's remand was directed specifically to these problems. In ordering remand, this Court pointed out that the ALJ "made no findings concerning plaintiff's credibility, nor did the ALJ address in his findings the report of plaintiff's treating surgeon which stated that it was 'highly improbable' that plaintiff would have been able to work for one and a half years prior to her surgery."

The record on remand reflects explicit consideration by the ALJ of Dr. Yario's report both in the course of the supplemental hearing and in the ALJ's decision. In rejecting the conclusion of Dr. Yario, the ALJ explicitly stated his reasons for doing so. See, Holndoner v. Schweiker, 542 F.Supp. 739, 742 (N.D.Ill.1982). The ALJ noted the existence of hospital records dated December, 1978, which specifically state that the plaintiff had previously been in good health and that the onset of plaintiff's cardiac symptoms had been sudden. It is well within the province of the ALJ to weigh the various medical reports and credit one medical opinion over another. Hutchinson v. Weinberger, 399 F.Supp. 426, 430 (E.D.Mich.1975).

The ALJ's decision expressly considers and rejects Mrs. Gage's subjective testimony of disabling pain. Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir.1981). In so doing, the ALJ explicitly notes the lack of medical records of evaluation or treatment for these complaints. The ALJ also points to the December, 1978 hospital records which specifically state that the plaintiff had not experienced cardiac symptoms in the past. The ALJ concludes, "In light of this evidence the claimant's current testimony that she had chest pain in 1978 cannot be given great weight. And, if the claimant did have chest pain, it was quite certainly not severe enough to preclude sedentary work." (Tr. 163).

It is submitted that the denial by the ALJ of a continuance to a date on which plaintiff's medical doctor could be present to testify constituted a total disregard of the previous mandate of this Court. Plaintiff's counsel, however, has failed to show good cause for the failure to incorporate the testimony of Mrs. Gage's medical doctor into the record during the supplemental hearing. Moreover, the record was left open for two weeks after the hearing so that plaintiff's counsel could submit additional evidence. (Tr. 243). Nevertheless, plaintiff's counsel failed to do so.

In his opinion, the ALJ explicitly evaluated the results of the pulmonary function tests and the 24-hour EKG monitoring. The ALJ specifically found that when plaintiff last had insured status some three years earlier, no severe impairment was indicated, nor was plaintiff precluded from engaging in sedentary work. In light of the above, the Court finds lacking any reason to again remand the instant case to the Secretary for further development of the record.

## CONCLUSION

For the reasons stated herein, defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.