Maria SZULYK, Plaintiff,

v.

Margaret HECKLER, Secretary of the Department of Health and Human Services, Defendant.

No. 83 C 2810.

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1984.

James R. Fennerty, Alexander, Walkup & Fennerty, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by William T. Clabault, Asst. U.S. Atty., Donna Morros

Weinstein, Dept. of Health and Human Services, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

The instant matter is an appeal from a final determination of the defendant, the Secretary of the Department of Health and Human Services (the Secretary), denying disability insurance benefits because of a finding that plaintiff Maria Szulyk was not under a disability. Before the Court are the plaintiff's Motion for Summary Judgment or, in the alternative, for a Remand to the Secretary and the defendant's Motion for Summary Judgment. For the reasons stated herein, plaintiff's Motion for Summary Judgment is denied, but the Motion for Remand is granted. Defendant's Motion for Summary Judgment is denied.

Plaintiff filed an application for disability benefits on July 21, 1980 alleging that she became unable to work on July 31, 1977 due to problems with her neck, shoulder, and back, as well as headaches and depression.[1] The application was denied initially and on reconsideration. The case then was taken to an Administrative Law Judge (ALJ) who considered the case *de novo*. On October 4, 1982 he found that plaintiff was not under a disability. This decision became the final decision of the Secretary on March 7, 1983 when it was approved by the Appeals Council. Plaintiff then filed this lawsuit in this Court.

Plaintiff contends that the Secretary's finding that she does not suffer from a severe impairment is not supported by substantial evidence. Specifically, plaintiff challenges the ALJ's findings as to the conclusion reached from the medical evidence presented and as to the plaintiff's complaints of pain.

The ALJ, after considering the evidence presented, concluded that plaintiff did not suffer from a severe impairment which

would render her disabled and thus entitle her to disability insurance benefits. In so concluding, the ALJ found that

> ... 3. The medical evidence indicates that the claimant has osteoarthritis and radiculopathy of the cervical and lumbar spine. These conditions cause no significant functional limitation, or neurological, motor or reflex abnormalities. The medical evidence further establishes that the claimant suffers from involutional depression. The claimant experiences anxiety, however, it would not interfere with her ability to understand and follow instructions or to socialize with others. The claimant is alert, oriented, appropriate, and experiences no significant constriction of interests.
>
> 4. The claimant's complaints of pain are not entirely credible; the claimant does not suffer from pain severe enough to cause a significant functional restriction.
>
> 5. The claimant does not suffer from any impairment or combination of impairments severe enough to preclude the performance of her former bench assembly work....

In order to establish a disability sufficient to entitle a plaintiff to benefits, a two-step process must first be completed. The first step requires that a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months must be found to exist. Second, there must be a factual determination that the impairment renders the plaintiff unable to engage in any substantial gainful employment. 42 U.S.C. 423(d)(1)(A), (2)(A); *McNeil v. Califano*, 614 F.2d 142 (7th Cir.1980); *Lieberman v. Califano*, 592 F.2d 986 (7th Cir.1979).

It is well settled that the plaintiff must bear the burden of proof to establish entitlement to disability insurance benefits

---

1. The plaintiff filed an earlier application on December 27, 1978. This application was de-

nied and became the final determination of the

under the Social Security Act.[2] *Johnson v. Weinberger*, 525 F.2d 403 (7th Cir.1975). It is equally well settled that the decision of the Secretary must be supported by substantial evidence, 42 U.S.C. § 405(g), which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

It is the opinion of this Court that the record supports the ALJ's conclusion that, from a purely physical standpoint, plaintiff would be able to return to her former bench assembly position despite the fact that certain abnormalities and limitations on plaintiff's physical abilities are apparent throughout the record.

The record reveals that as assembler, plaintiff was required to sit for roughly seven hours each day and to walk nearly one hour each day. At that job, plaintiff was required to carry a tray weighing at least 12 pounds 20 feet to a shelf five feet above the floor where the tray would be placed. In the assembly job, she was frequently required to bend and was occasionally required to reach. Under the U.S. Department of Labor's classifications, the bench assembly position would fall between the "sedentary" and "light" work classifications.[3]

Two of the consulting physicians engaged by the Secretary concluded that plaintiff could engage in "light" work. Furthermore, the reports of plaintiff's various treating physicians, whose opinions are entitled to great weight, *Allen v. Weinberger*, 552 F.2d 781 (7th Cir.1977); *Holndoner v. Schweiker*, 542 F.Supp. 739 (N.D. Ill.1982), revealed that from a purely physical standpoint, plaintiff was within normal limits.

The ALJ apparently relied upon his observations of plaintiff in determining that plaintiff's complaints of pain are "not entirely credible." Such a conclusion, however, is not supported by the evidence. From the decision of the ALJ, one might conclude that reports of pain are rarely found in the record. However, upon close examination, it is clear that complaints and extensive treatment of pain make up a substantial portion of plaintiff's medical history. Indeed, it appears that while plaintiff may be mechanically capable of performing various tasks, the severity of the pain from which she suffers severely limits her actual abilities.

The report of Dr. Walter Brodeck indicates that plaintiff suffers from low back pain which is virtually constantly present. Indeed, such pain is so severe that, in Dr. Brodeck's opinion, plaintiff would, for the most part, be incapable of operating machinery controls with her feet.

---

Secretary on April 16, 1980. No appeal was taken from that denial.

**2.** As plaintiff points out, however, if the claimant is able to prove that he suffers from a severe impairment and that he is unable to perform his past relevant work, the burden of proof shifts to the Secretary to prove that there is some alternative employment which exists in substantial numbers in the national economy that the claimant would be able to perform. *Stark v. Weinberger*, 497 F.2d 1092 (7th Cir.1974).

**3.** The U.S. Department of Labor has set out the following level of work definitions:

Sedentary work implies a capacity to sit for at least six hours in an eight-hour work day and to lift up to ten pounds maximum. The ability to walk and stand up to approximately one third of the work day (2–3 hours per day per eight-hour day) is also implied in sedentary work.

Light work presupposes an ability to stand and walk at least six hours in an eight-hour work day, lift and carry up to ten pounds about two thirds of the work day, and occasionally lift 20 pounds maximum. Light work may require sitting most of the time, but has a significant degree of pushing and pulling of arm and/or leg controls.
Medium work presupposes an ability to stand and walk at least six hours in an eight-hour day, lift 50 pounds maximum with frequent lifting and/or carrying objects weighing up to 25 pounds.
Heavy work presupposes an ability to stand and walk at least six hours in an eight-hour day, lift 100 pounds maximum with frequent lifting and/or carrying objects weighing up to 50 pounds.
Dictionary of Occupational Titles, Volume II, Occupational Classification, Third Edition, U.S. Department of Labor (1965).

Dr. Leonard Kranzler, another of plaintiff's treating physicians, also reports that plaintiff suffers from back, neck, and shoulder pain which, despite physical and drug therapy, has shown little lasting improvement.

The record does indicate that with the use of a neck brace, plaintiff has experienced some relief from pain. However, this relief does not appear to be permanent. In addition, the ALJ did not determine whether plaintiff could carry out her duties as an assembler while wearing the brace.

Finally, the report of Dr. Satya Kaushal revealed that, while the X rays to plaintiff's shoulder were within normal limits, certain soft tissue damage, which might produce severe pain, would not show up on a normal X ray. In addition, Dr. Kaushal noted that in light of plaintiff's physical problems, her back is "liable to trauma and aggravation following trauma" which would result in *"considerable symptoms"* (e.g. pain).

While the ALJ's observations of plaintiff are certainly relevant and reliable, in light of the overwhelming evidence to the contrary contained in the record, to simply declare that plaintiff's complaints of pain were "not entirely credible," without further explanation, constitutes error on the part of the ALJ. The Court therefore remands the instant matter to the Secretary to make specific findings as to plaintiff's pain which are supported by substantial evidence. In so doing, the Secretary should state explicit reasons for rejecting the diagnoses of pain supplied by plaintiff's physicians. *See, Holndoner, supra.*

### Conclusion

For the reasons stated herein, the parties' Motions for Summary Judgment are denied and the plaintiff's Motion for Remand is granted. The case is ordered remanded to the Secretary for further proceedings consistent with this order.

IT IS SO ORDERED.