Joel A. MUNKS, Plaintiff,

v.

Margaret HECKLER, Secretary, U.S. Department of Health and Human Services, Defendant.

No. 83 C 4710.

United States District Court, N.D. Illinois, E.D.

March 5, 1984.

Leslie K. Olson, Law Offices of R. Edward Bates, Naperville, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Linda A. Wawzenski, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

The instant action was instituted by plaintiff pursuant to 42 U.S.C. § 405(g) to review a final decision of the Secretary of the Department of Health & Human Services (the Secretary) terminating plaintiff's disability insurance payments under Title II of the Social Security Act. Before the Court are the plaintiff's Motion for Summary Judgment or, in the alternative, for a Remand to the Secretary and the defendant's Motion for Summary Judgment. For the reasons stated herein, plaintiff's Motion for Summary Judgment is denied, but the Motion for Remand is granted. Defendant's Motion for Summary Judgment is denied.

Plaintiff is a 45-year-old man with three years of college education. He was self-employed for approximately 12 years as the president of a collection firm. In October, 1978, plaintiff was injured in an automobile accident, suffering head injuries which required extended hospitalization and therapy. In April, 1979, plaintiff filed an application for disability insurance benefits and a period of disability was established dating from the time of the accident.

In November, 1981, plaintiff was informed by the Social Security Administration that his period of disability had ceased since evidence showed he was able to perform substantial gainful work. Plaintiff's last disability insurance payment was in January, 1982.

A reconsideration affirmed the termination of plaintiff's disability insurance payments. Pursuant to plaintiff's request, a hearing was held before an Administrative

Law Judge (ALJ) at which plaintiff, his wife, and his attorney appeared. The ALJ determined that plaintiff's disability insurance payments had properly been terminated. This decision became the final decision of the Secretary on March 17, 1983 when it was approved by the Appeals Council. Plaintiff now seeks review in this Court of the Secretary's decision.

A district court's review of a decision by the Secretary in a disability benefits case is limited to a determination of whether substantial evidence is present in the administrative record to support the Secretary's decision. *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir.1982). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). A district court cannot make its own appraisal of the evidence. *Johnson v. Weinberger*, 525 F.2d 403, 406–7 (7th Cir.1975). The court has the ability to affirm, modify or reverse the Secretary's decision and has the option of remanding the cause for a rehearing. 42 U.S.C. § 405(g).

Plaintiff's general argument is that the Secretary's findings that the plaintiff's period of disability has ceased is not supported by substantial evidence. Plaintiff specifically focuses on his nonexertional impairments, and contends that the ALJ did not properly evaluate both the extent of these impairments and the testimony of plaintiff and his wife. Plaintiff also contends that the ALJ did not provide a full and fair hearing by failing to develop a record and determine the type of work plaintiff is capable of performing.

The Secretary contends that the ALJ's findings are supported by objective medical evidence and refers to psychological examinations of plaintiff conducted in July, 1980 at Mercy Center for Health Care Services and in September, 1981 by William McManus, a registered psychologist. The Secretary also refers to neurological examinations of plaintiff conducted in July, 1980 by Dr. McCoy and in March, 1982 by Dr. Baumann. Although Mr. McManus recommended a continuation of plaintiff's disability insurance payments, the Secretary argues that the Regulations do not warrant acceptance of this recommendation. In addition, the Secretary argues that Dr. Baumann's conclusion that plaintiff is disabled need not be accepted by the ALJ but should be weighed in relation to other evidence.

The Secretary also contends that the testimony of plaintiff and his wife is insufficient to establish existence of a disability and must be supported by objective medical evidence. Finally, the Secretary argues that the ALJ correctly determined that plaintiff could engage in work based on consideration of factors such as plaintiff's age, education, and work experience, and reference to the Regulations.

Three reasons exist which require this Court to remand the matter to the ALJ. First, the ALJ did not explicitly state his reasons for rejecting the conclusion of plaintiff's treating physician, Dr. Baumann. Second, the ALJ failed to expressly consider and note the testimony of plaintiff's wife. Third, the ALJ did not make explicit findings regarding plaintiff's work capacity in light of his exertional and nonexertional limitations. These three reasons for remand of the matter shall be discussed in detail.

With respect to the first reason, the record contains results of examinations of plaintiff performed by Doctors McCoy and Baumann, and Mr. McManus. Both Doctor Baumann and Mr. McManus examined plaintiff and concluded that he is disabled. An ALJ is not bound to accept the conclusions of an examining physician but the conclusion is entitled to explicit consideration, especially where, as here, it relates to the issue of the severity of plaintiff's impairment. *Prill v. Schweiker*, 546 F.Supp. 1381, 1388–89 (N.D.Ill.1982). The ALJ must explicitly state and note his reasons if he rejects the physician's conclusions. *Holndoner v. Schweiker*, 542 F.Supp. 739, 742 (N.D.Ill.1982). In the instant case, the ALJ failed to explicitly state

and note his reasons for rejecting Dr. Baumann's conclusion, even though it was supported by Mr. McManus' opinion. Thus, this Court is required to remand the matter to the ALJ with directions to explicitly consider and note the effect of Dr. Baumann's conclusion.

Regarding the second reason for remand, the ALJ found plaintiff's testimony to be nonpersuasive self-serving exaggeration. Plaintiff's testimony covered his current activity level, the extent of his pain and his mental capacity. Plaintiff's wife also testified regarding these areas. The ALJ can reject subjective complaints after weighing them against other evidence in the record and after considering the interest and credibility of the witnesses. *Prill v. Schweiker*, 546 F.Supp. 1381, 1390 (N.D. Ill.1982). However, the ALJ is required to provide a reason for rejecting the probative evidence. *Gronbeck v. Schweiker*, 534 F.Supp. 642, 646 (D.So.Dakota 1982). In the instant case, the ALJ evaluated plaintiff's testimony, and gave a reason for rejecting the testimony. Yet, no mention is made of plaintiff's wife's testimony. The ALJ did not comment on the credibility of plaintiff's wife or the effect of her testimony, although his conclusion that plaintiff's nonexertional limitations do not significantly affect his capacity for work would seem to indicate he rejected it. The failure of the ALJ to provide an evaluation of the wife's testimony and reasons for rejecting her testimony require this Court to remand the matter to the ALJ with directions to consider the testimony of plaintiff's wife and provide reasons for rejecting her testimony.

Finally, regarding the third reason for remand, the ALJ's findings indicate that plaintiff is unable to perform his past relevant work as the president of a collection firm. This finding shifts the burden to the Secretary to show that there exists some other form of gainful substantial activity which plaintiff would be able to perform. *Smith v. Secretary of Health, Education & Welfare*, 587 F.2d 857, 861 (7th Cir.1978). To sustain this burden, the Secretary must consider plaintiff's functional capacity as well as his age, education, work experience and other relevant factors. This data is applied to a grid, in this case set out in 20 C.F.R. Part 404, Subpart P, App. 2, Table No. 1, § 201.22, which determines whether, in light of plaintiff's limitations, he would be able to engage in any gainful activity and thus, whether plaintiff is or is not disabled. *Heckler v. Campbell*, — U.S. ——, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66 (1983).

The conclusion reached through consultation of the grid is substantial evidence upon which a benefits determination may be based. *Id.* However, the determination suggested by the grid is not necessarily conclusive where nonexertional limitations are relevant. The grid only takes into account exertional limitations. Where nonexertional limitations are involved, the ALJ must go beyond the grid and must make findings relating to the severity of plaintiff's nonexertional limitations and the effects of such limitations on plaintiff's residual functional capacity before making a determination granting or denying benefits. *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir.1982).

In the instant case, the ALJ noted plaintiff's nonexertional limitations but failed to make specific findings. The conclusory statement of the ALJ that "[t]he claimant's nonexertional limitations do not significantly affect his residual functional capacity for unskilled sedentary work..." standing alone, is insufficient. Full and detailed findings of fact are essential to the Secretary's decision and are required. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir.1981). In the instant case, nonexertional factors such as plaintiff's pain, memory and judgment difficulties have been clearly raised as issues and such factors must be specifically and explicitly considered to substantiate any conclusion of the ALJ relating to the effects of such facts on his residual capacity. *Cannon v. Harris*, 651 F.2d 513, 519 (7th Cir.1981). This is so even if the evidence relating to such factors does not support a finding of disabili-

ty. *Id.* Thus, the failure of the ALJ to make specific findings in support of the conclusion that plaintiff's nonexertional limitations do not affect his functional capacity requires this Court to remand the matter to the ALJ to further develop the record.

### Conclusion

For the reasons stated herein, the parties' Motions for Summary Judgment are denied and the plaintiff's Motion for Remand is granted. The case is ordered remanded to the Secretary for further proceedings consistent with this order.

IT IS SO ORDERED.