**Carl MASSEY, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, Defendant.**

**No. 671.**

United States District Court
E. D. Kentucky,
Pikeville Division.
Oct. 18, 1963.

Health, Education and Welfare denying the plaintiff disability benefits under the Social Security Act. This action was filed on August 7, 1961. On April 23, 1962 an agreed order was entered remanding the case to the Appeals Council for additional evidence on the subject of employment opportunities available to the claimant. These additional findings have now been made and the Court now has jurisdiction to determine whether there is substantial evidence to support the findings. 42 U.S.C.A. § 405(g).

The claimant is a former coal miner. His specific jobs included operating a coal loader, drilling and blasting. He was 54 years old at the time of his oral hearing and has a seventh-grade education. He last held a regular job in December, 1959 when his mine was closed down. He has since worked sporadically at odd jobs connected with coal mining. The plaintiff's principal complaint concerns a respiratory condition traceable to rock dust poisoning. He lost an eye in his childhood but vision in the other eye is correctable to normal.

The medical evidence is in general agreement that the plaintiff cannot return to his former employment in the coal mines. The record contains the depositions of three physicians taken in connection with the plaintiff's claim for workmen's compensation. Dr. W. C. Hambley of Pikeville stated that while plaintiff showed no unusual symptoms on physical examination, his x-ray picture revealed generalized pulmonary fibrosis consistent with second stage silicosis. He said that plaintiff can not do adequate work in the mines. He further indicated that plaintiff could not be depended upon for manual labor outside the mines. Dr. S. G. Davidson of Bluefield, West Virginia testified that he had examined the plaintiff's chest x-ray and found bilateral, nodular fibrosis scattered throughout each side of the chest with some enlargement of the hilar regions. He expressed the opinion that plaintiff had second stage silicosis and explained that the second stage of this disease is characterized by reduced abil-

Dan Jack Combs, Pikeville, Ky., for plaintiff.

B. T. Moynahan, Jr., U. S. Atty., A. L. Brooks, Asst. U. S. Atty., Lexington, Ky., for defendant.

SWINFORD, Chief Judge.

This is an action under 42 U.S.C.A. § 405(g) seeking review of a decision by the Appeals Council of the Department of

ity to do work. Dr. Davidson did state, however, that while he would not approve the plaintiff as a new employee in the mines, he would acquiesce in his retention as an old employee provided that x-rays and pulmonary function tests were performed on him at regular intervals. Dr. Henry F. Warden, Jr., of Bluefield examined plaintiff along with Dr. Davidson and concurs in his medical determinations. He stated, however, that he would not recommend claimant for work inside the mines and that such outside work as plaintiff could perform would have to involve only light exertions.

■ While much of this testimony is in the nature of conclusions on the ultimate issue, such evidence is pertinent to describe the severity of the particular impairments found by the physicians. Hall v. Celebrezze, 6th Cir., 314 F.2d 686 (1963).

■ The administrative decision does not include a finding that the plaintiff could go back to work in the mines and it is not argued by counsel for the defendant that the decision could have rested on such a finding. It is therefore necessary to consider the case under the rule of Hall v. Flemming, 6th Cir., 289 F.2d 290 (1961), that as to a claimant who is disabled for his former occupation, the Secretary has the burden of proving employment opportunities in some new vocation.

In conformity with this rule, the examiner who heard the case called as a witness at the second oral hearing, Dr. Charles S. Runyan, professor of vocational counseling at Marshall University, Huntington, West Virginia. Dr. Runyan read the record prior to the hearing and listened to the testimony of the claimant. He stated that in view of the claimant's past experience as a machine operator and as a driller and blaster he had a number of residual capacities that could be considered in future employment. He found an ability to understand simple directions, dexterity of both hands and arms, ability to crawl in cramped quarters, acceptable visual accuity upon correction, ability to handle objects effec-

tively, ability to coordinate perception and bodily movements and ability to perform repetitive tasks. Dr. Runyan then listed a number of specific job possibilities in which plaintiff could employ his residual capacities. These were gateman, watchman, bottle inspector, tool cleaner, machine cleaner, flagman, farm laborer and truck farmer. Dr. Runyan was asked on cross examination whether he would personally recommend the plaintiff to a job as a watchman having regard for his limited eyesight. He refused to answer on the ground that a specific recommendation of this nature was not within the matters as to which he was called to testify.

■ With respect to the availability of these various job possibilities in this area, Dr. Runyon had no personal knowledge. He stated that he did not know of any industries in the Pikeville vicinity which employ men especially to do machine and tool cleaning. He did not know whether gatemen, flagmen or watchmen were employed in the three-state area around Pikeville. The Court takes judicial notice that there is no significant amount of truck farming in this area. There is no evidence in the record as to whether jobs as hired farm laborers or bottle inspectors are found with any frequency in this area.

■ The record establishes that plaintiff could perform certain jobs but this is only part of what is required by Hall v. Flemming. It is also necessary that there be findings directed at the opportunities available to a person who can do only what the claimant can do and this refers to the general area in which the plaintiff lives. Butler v. Flemming, 5th Cir., 288 F.2d 591 (1961). The present record cannot support such findings and the Court must consequently conclude that there is not substantial evidence to uphold the decision of the Secretary. Theoretical ability to engage in substantial gainful activity is not enough to disqualify a claimant of disability benefits if there is no reasonable opportunity for this. Kerner v. Flemming, 2d Cir., 283 F.2d 916 (1960).

Plaintiff and defendant have both moved for summary judgment. An order will be entered this day sustaining the motion of the plaintiff and overruling the motion of the defendant.