**Robert K. ALLEN, Plaintiff-Appellant,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.**

**No. 76–1360.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 10, 1976.

Decided April 15, 1977.

Rehearing and Rehearing En Banc Denied May 16, 1977.

Earle McCaskill, East St. Louis, Ill., for plaintiff-appellant.

David E. Worsley, Asst. U. S. Atty., Danville, Ill., Henry A. Schwarz, U. S. Atty., East St. Louis, Ill., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and TONE and WOOD, Circuit Judges.

CASTLE, Senior Circuit Judge.

The district court upheld a decision of the Secretary of Health, Education and Welfare that plaintiff was not entitled to disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. Plaintiff appeals, asserting that the Secretary's decision was unsupported by substantial evidence in two respects: first, in his determination that plaintiff had failed to establish an incapacity for employment for at least 12 months; and second, in his determination that plaintiff's disability had ceased. We reverse in part and affirm in part.

Plaintiff filed an application for disability insurance benefits on December 3, 1971.

After the application was denied by the Bureau of Disability Insurance of the Social Security Administration, an Administrative Law Judge (ALJ) considered plaintiff's claim de novo and on February 23, 1973, found that plaintiff was not entitled to disability benefits. The Appeals Council, after taking additional evidence, reached the same conclusion and affirmed the ALJ's decision on February 20, 1974. This decision became the final decision of the Secretary.

The Secretary's decision must be upheld on judicial review if it is supported by substantial evidence based on the record as a whole, 42 U.S.C. § 405(g); *Moon v. Celebrezze,* 340 F.2d 926 (7th Cir. 1965). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

### I.

Plaintiff first takes issue with the Secretary's finding that he had failed to establish an incapacity for substantial gainful activity which had lasted for a continuous period of at least 12 months.[1] A 12-month incapacity is one criterion for the establishment of a "disability" within the meaning of section 423.[2] 42 U.S.C. § 423 (d)(1)(A).

The Appeals Council recognized that plaintiff sustained an incapacitating back injury on May 19, 1971, which necessitated back surgery on September 22, 1971. In making its determination that plaintiff's incapacity lasted less than a year, the Council relied primarily on a report by Dr. Jim Swink, a specialist in orthopedic surgery who examined plaintiff on January 27,

1972. As a result of his interview with the plaintiff, Dr. Swink reported:

> He feels he has had a fair to moderate relief of pain since his surgery but he continues to have back, hip and leg pain almost every day and states he is unable to do much bending or lifting and long periods of sitting make him more symptomatic.

Dr. Swink's physical examination revealed that plaintiff wore a brace with which he was able to walk with a slight limp on the left foot. The motion of plaintiff's spine appeared to be fairly normal, but there was moderate generalized atrophy of his left leg and slight generalized weakness of all its musculature. Straight leg raising was painful on the left at about 85 degrees. X-rays of the spine showed evidence of the surgery and a "few drops of radioopaque material in the neural canal" but no other apparent abnormalities. On the basis of his interview and physical examination, Dr. Swink stated:

> It is my opinion that this patient presently is unable to stand or walk for long periods of time and I doubt if he could lift 10 to 25 pounds without aggravation of his existing symptoms of back and leg pain. He possibly would be able to do light work that did not involve being on his feet for long periods of time or significant bending and lifting.

The Appeals Council treated this statement as evidence that plaintiff was able to perform light work at the time of the examination.

Our review of the record disclosed the following other evidence related to the severity of plaintiff's impairment in the first year after his injury. Dr. Carlos Acosta, a

---

1. It is undisputed that plaintiff met the special earnings requirements of the Act throughout the period for which he was seeking disability benefits.

2. Under section 423, the term "disability" means—

(A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not more than 12 months; or

(B) in the case of an individual who has attained the age of 55 and is blind . . . . , inability by reason of such blindness to engage in substantial gainful activity requiring skills or abilities comparable to those of any gainful activity in which he was previously engaged . . . . .

42 U.S.C. § 423(d)(1).

general practitioner who performed the surgery on plaintiff's back, reported on January 11, 1972, that he had twice examined plaintiff since surgery and that plaintiff's response had been poor. Dr. Acosta stated, "I consider this patient totally and permanently disabled." On April 4, 1972, Dr. Acosta reported in a letter to plaintiff's attorney that he had examined plaintiff on two more occasions, and he reported his conclusion that plaintiff was totally disabled. Dr. Acosta summarized his findings in a report on November 16, 1972:

> The patient has a foot drop and he has been wearing a brace. A foot drop means that the patient cannot move the dorsiflexor muscles of his left foot. The patient does have severe sciatic nerve involvement due to the severity of the disc disease, as was seen in surgery with removal of a large herniated disc. The patient has continuous back pain that prevents him from working. He is very limited, in that he cannot do any heavy lifting whatsoever. X-rays revealed spondylolisthesis. Due to the severity of his medical problem, it is my opinion that the patient is totally and permanently disabled.

The record also contains reports by Dr. Ernest A. Brav, an orthopedic surgeon, and Dr. Sydney I. Green, a neurosurgeon, each of whom reviewed the medical evidence in the case in December, 1973, and concluded that the evidence did not support a finding of total incapacity for a period of a year. Dr. Brav stated that he believed the plaintiff was able to engage in limited but regular work activity after February 1, 1972, and Dr. Green stated that the evidence suggested recovery for sedentary work as of the date of Dr. Swink's report of January 27, 1972.

The ALJ refused to accept "as factual" the repeated statement of Dr. Acosta that plaintiff was totally and permanently disabled, because the statement was not supported by any clinical findings in the record. The Appeals Council rejected the opinion of Dr. Acosta for the same

reason. We do not believe that Dr. Acosta's opinion can be so easily disregarded on the question of how severe plaintiff's impairment was. Subsection (d)(3) of section 423 limits impairments for which disability benefits may be awarded to such as result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." However, the fact that plaintiff suffered a physical impairment, involving both mechanical limitation and pain, is not disputed. Only the severity of the impairment is in question. Dr. Acosta's opinion of course is not "determinative of the question of whether or not an individual is under a disability." 20 C.F.R. § 404.1526. Nor do we question the general principle that

> [t]he weight to be given such physician's statement depends on the extent to which it is supported by specific and complete clinical findings and is consistent with other evidence as to the severity and probable duration of the individual's impairment or impairments. *Id.*

*See Sykes v. Finch,* 443 F.2d 192 (7th Cir. 1971). *Accord, Kirkland v. Weinberger,* 480 F.2d 46 (5th Cir.), *cert. denied,* 414 U.S. 913, 94 S.Ct. 255, 38 L.Ed.2d 155 (1973). *See also* H.R.Rep.No.544, 90th Cong., 1st Sess. 30 (1967). However, we believe two factors lend substantial weight to Dr. Acosta's opinion. First, he performed surgery that permitted him to examine directly the extent of plaintiff's spinal disorder. Second, he examined plaintiff on several occasions after surgery to observe his recovery. The opinion of an examining physician that the claimant is totally disabled, though phrased as an ultimate conclusion on the question presented to the Secretary, is entitled to consideration as an indication of how severe the patient's impairment was at the time of the examination. *Hall v. Celebrezze,* 314 F.2d 686 (6th Cir. 1963); *Massey v. Celebrezze,* 241 F.Supp. 59 (E.D.Ky.1963). Where there is no dispute as to the existence of a physical or mental impairment, such an opinion, standing alone, may establish total incapacity for substantial gainful

activity within the meaning of section 423. *See Hassler v. Weinberger,* 502 F.2d 172 (7th Cir. 1974). We believe Dr. Acosta's opinion was sufficient to establish total incapacity in the absence of substantial evidence to the contrary.

■ By comparison to Dr. Acosta's repeated opinion that plaintiff was totally disabled, Dr. Swink's statement on January 27, 1972, that plaintiff possibly could do light work has little weight for two reasons. First, the statement is inherently speculative and does not constitute a positive opinion. Second, while Dr. Acosta examined plaintiff on several occasions after performing surgery on his back, Dr. Swink examined him only once.

> [O]nce it is determined that an impairment exists, the opinions of the treating physician are entitled to substantially greater weight than the impressions of a doctor who sees the claimant only once. *Selig v. Richardson,* 379 F.Supp. 594, 601 (E.D.N.Y.1974).

*Accord, Floyd v. Finch,* 441 F.2d 73, 107 (6th Cir. 1971); *Jenkins v. Celebrezze,* 335 F.2d 6, 8 (4th Cir. 1964).

■ The opinions of Dr. Brav and Dr. Green also have little force. Although their reports were not inadmissible as hearsay at the hearing before the ALJ, *see Richardson v. Perales, supra,* the weight to be attached to the reports must be considered in light of the fact that neither physician examined the plaintiff. It does not appear from the record that they had any more information about the condition of the plaintiff in the first year of his injury than was available to Dr. Acosta and to Dr. Swink. Their reports,

> without personal examination of the claimant, deserve little weight in the overall evaluation of liability. The [medical] advisers' assessment of what other doctors find is hardly a basis for

competent evaluation . . . .. *Landess v. Weinberger,* 490 F.2d 1187, 1190 (8th Cir. 1974).

*Accord, Martin v. Secretary of Department of Health, Education and Welfare,* 492 F.2d 905 (4th Cir. 1974).

■ In light of Dr. Acosta's close familiarity with plaintiff's condition and his opinion to the contrary, the speculative statement of Dr. Swink and the retrospective evaluations of Dr. Brav and Dr. Green do not constitute substantial evidence that plaintiff had the physical capacity to perform light work in the first year after his injury. The Secretary's finding that plaintiff had failed to establish an incapacity for employment lasting at least 12 months is based in essential part on that conclusion.[3] We hold the Secretary's finding in error and remand the case in part for further proceedings.

## II.

■ We need not, however, remand the case in its entirety. Plaintiff asserts that the record establishes a continuation of his disability to the present time, thereby placing in separate issue the duration of his disability. Our examination of the record discloses substantial evidence to support the Secretary's finding that plaintiff recovered the physical and mental capacity to engage in sedentary and light work, but only as of July 20, 1973. Plaintiff's claim brings the following additional evidence into play.

Plaintiff was examined on July 5, 1973, by Dr. Milton H. Anderson, a specialist in psychiatry and neurology. Dr. Anderson noted the plaintiff's continued difficulty in walking and attributed the problem to his "left foot drop." The physician also stated:

> He still suffers from considerable back pain and the pain goes down the left leg. This is enhanced by straining. . . .

---

**3.** The record contains testimony of Dr. Austin Foster, a consulting psychologist with a specialty in vocational problems, who listed jobs that he believed plaintiff could perform. His testimony was based on the stated assumption that the ALJ would find that plaintiff had the "physical functional capacity to perform sedentary light work involving light physical exertion." In the absence of substantial evidence to support that finding, Dr. Foster's testimony is without probative force on the question of plaintiff's disability.

**787**

I would doubt whether he would be able to do any type of lifting for even a short length of time, and with this type of disability, I imagine it is even hard for him to sit for any period. . . . In addition to the muscle atrophy that is taking place in the left leg and right hand, some mild sensory involvement does seem to be taking place and it is extremely difficult to evaluate the complete pain component. He not only has difficulty in standing or sitting but he cannot bend. He can walk but with difficulty. He cannot stoop nor can he carry and I would doubt as to whether he would ever be able to drive a vehicle with any competence.

Dr. Anderson stated that there seemed to be "very little psychiatric involvement at this time."

Plaintiff was examined on July 20, 1973, by Dr. Bryant A. Bloss, an orthopedic surgeon. In his report, Dr. Bloss stated:

In his present condition he would have difficulty doing heavy lifting, squatting, stooping or carrying heavy objects or walking on uneven ground, etc., however, it would be my opinion he would not be disabled for activities requiring just sitting or working at a work bench using his arms for any activity.

Dr. Bloss' conclusion represents the first unequivocal opinion that plaintiff could perform light work in the history of plaintiff's back ailment. Although his conclusion was based on a single examination of the plaintiff, the evidence to the contrary is not so strong as to render his opinion insubstantial. Dr. Acosta's last report on the plaintiff's condition was made eight months before Dr. Bloss examined him. Although the proximity in time between the reports of Dr. Bloss and Dr. Anderson strongly suggests an inconsistency in their conclusions, the Secretary was entitled to resolve the apparent conflict by giving full credence to the report of Dr. Bloss at the time of his examination. Where two or more experts disagree in their opinions of the claimant's disability, "it is normally for

the Secretary, and not the courts, to resolve these conflicts. *Cyrus v. Celebrezze,* 341 F.2d 192, 195 (4th Cir. 1965)." *Hassler v. Weinberger, supra* at 177. The record does not indicate that Dr. Anderson had any superior opportunity to observe the plaintiff.

Dr. Bloss' conclusion was expressly limited to the date of his examination. The record does not disclose any medical evidence subsequent to Dr. Bloss' report that is inconsistent with his conclusion. We therefore hold that his report is sufficient to support a reasonable conclusion that plaintiff had recovered his capacity for light work as of the July 20, 1973, examination and that he retained that capacity at the time of the Secretary's decision. However, we do not believe his report justifies a finding of such capacity at any earlier time. Up to the date of the examination, the opinion of Dr. Acosta and the subsequent report of Dr. Anderson, also indicating incapacity for light work, are substantially uncontradicted. The finding of the Secretary that plaintiff had regained the capacity for sedentary and light work must be affirmed for the period of July 20, 1973, to the present, and reversed for the period of May 19, 1971, to July 20, 1973.

For the reasons stated above, the judgment of the district court is affirmed in part and reversed in part and remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART.