Kenneth CARVER, Plaintiff–Appellant,

v.

Patricia R. HARRIS, Secretary of Health, Education and Welfare, Defendant–Appellee.

No. 80–1625.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1980.

Decided Nov. 18, 1980.

Freddy L. Shapiro, Murphysboro, Ill., for plaintiff–appellant.

James R. Burgess, Jr., U. S. Atty., East St. Louis, Ill., for defendant–appellee.

Before SWYGERT, CUMMINGS and PELL, Circuit Judges.

PER CURIAM.

Plaintiff–appellant Kenneth Carver appeals from an order of the district court affirming the decision of the Secretary of Health, Education and Welfare denying plaintiff's application for disability insurance benefits. Because we find that the Secretary's decision was not supported by substantial evidence, we reverse.

Plaintiff retired on disability from his job as mail sorter with the U.S. Postal Service on February 11, 1977. He filed an application for disability insurance benefits under sections 216(i) and 223 of the Social Security Act on January 26, 1978, which was denied by the Social Security Administration. On May 15, 1978, plaintiff filed a request for reconsideration, which was denied on June 26, 1978.

Plaintiff then filed a request for a hearing, which was held on February 13, 1979. Plaintiff testified at the hearing and submitted documentary evidence in the form of reports of his physician, William F. Lubbert, D.O. The Administrative Law Judge also considered the report of a state agency physician; this report was not based upon an examination of plaintiff, but rather upon his evaluation of the medical evidence in plaintiff's file (including x–rays and Dr. Lubbert's report).

The Administrative Law Judge found that plaintiff suffered from minimal degenerative arthritis in his cervical, thoracic and lumbar spine, and in the right knee, but that this condition "[h]as not been shown to result in any significant limitation of motion in any of the affected areas." In considering Dr. Lubbert's opinion that plaintiff was totally disabled, the Administrative Law Judge stated that "[t]he clinical and laboratory findings presented by him do not demonstrate the existence of an impairment, or combination of impairments, which support his conclusion that the claimant is totally disabled." The Administrative Law Judge's conclusion was that the record es-

tablished that plaintiff retained the capacity to perform his job as a mail sorter.

Plaintiff filed a request for review with the Appeals Council of the Social Security Administration's Bureau of Hearings and Appeals. This request was denied on April 19, 1979; the decision of the Administrative Law Judge therefore became the final decision of the Secretary.

Plaintiff appealed this decision in the district court, which affirmed the Secretary's decision because "there is substantial evidence in the record as a whole to support the Secretary's conclusion that plaintiff failed to demonstrate that he is totally disabled." This appeal followed.

We note at the outset that appellate review of the Secretary's decision is limited to a determination of whether substantial evidence is contained in the record as a whole to support that decision. *Johnson v. Weinberger*, 525 F.2d 403, 406-07 (7th Cir. 1975); *McNeil v. Califano*, 614 F.2d 142, 145 (7th Cir. 1980). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

In *Allen v. Weinberger*, 552 F.2d 781 (7th Cir. 1977), plaintiff's treating physician concluded that plaintiff was totally disabled. The Administrative Law Judge nevertheless found that plaintiff failed to establish his inability to perform substantial gainful activity. His conclusion was based on the report of a physician who examined plaintiff only once and the reports of two other physicians who merely examined the medical evidence in plaintiff's file. We held first that the opinions of a treating physician are entitled to greater weight than those of a doctor who examined plaintiff only once. *Id.* at 786. We then considered the conclusions of the physicians who did not examine plaintiff but who looked at his medical file:

> Although their reports were not inadmissible as hearsay at the hearing before the ALJ, ... the weight to be attached to the reports must be considered in light of the fact that neither physician examined the plaintiff.... Their reports, "without personal examination of the claimant, deserve little weight in the overall evaluation of liability. The [medical] advisers' assessment of what other doctors find is hardly a basis for competent evaluation ...."

*Id.* (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir. 1974)).

In the case at bar, the medical evidence before the Administrative Law Judge consisted of reports of Dr. Lubbert, plaintiff's treating physician, and the report of a state agency doctor who merely examined plaintiff's file, which included Dr. Lubbert's findings. There appears to be no dispute as to the existence of an impairment. The conflict between Dr. Lubbert's report and that of the state agency physician centers on the extent to which this impairment precludes plaintiff from engaging in substantial gainful activity. The opinions of Dr. Lubbert, the treating physician, are entitled to "substantially greater weight" than those of a physician who never examined plaintiff but merely reviewed plaintiff's medical file. *Allen v. Weinberger, supra*, 552 F.2d at 786.

On the basis of this record, we cannot conclude that the Secretary's decision was supported by substantial evidence. We see no reason to remand the case for further proceedings. *Colwell v. Gardner*, 386 F.2d 56, 74 (6th Cir. 1967); *Taylor v. Weinberger*, 512 F.2d 664, 669 (4th Cir. 1975). The judgment is accordingly reversed and remanded to the Secretary for the allowance of disability insurance benefits to plaintiff.