**Thelma MOFFETT, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. 82 C 7425.

United States District Court, N.D. Illinois, E.D.

Dec. 13, 1983.

Deborah Spector, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty., Michael C. O'Connell, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

On August 25, 1980, an Administrative Law Judge ("ALJ") of the Department of Health and Human Services found that plaintiff Thelma Moffett was disabled as of

March 1, 1978 due to an incapacitating back injury. On December 14, 1981, defendant notified plaintiff that she had become able to perform substantial gainful employment in September 1981 and that her entitlement to disability insurance benefits would end in November 1981. An ALJ upheld this determination on July 28, 1982; this lawsuit followed. We referred the case to Magistrate James T. Balog for a report and recommendation. Magistrate Balog has recommended that we grant defendant's motion for summary judgment and affirm the ALJ's decision. Plaintiff has filed objections to Magistrate Balog's report; defendant has declined to respond.

■ The magistrate's recommendation was, in our view, based in part on an error as to the appropriate burden of proof. In *Cassiday v. Schweiker*, 663 F.2d 745 (7th ·Cir.1981), our court of appeals stated that

[i]t is true that one claiming benefits is sometimes described as having the 'burden of proof,' meaning that he must furnish requisite medical and other evidence within his grasp, *see* 42 U.S.C. § 423(d)(5), and show reasonable diligence in maintaining his claim.... For his part, however, the Secretary must make an investigation that is not wholly inadequate under the circumstances. *And once having found a disability, the Secretary may not terminate the benefits without substantial evidence to justify so doing.* This will normally consist of current evidence showing that a claimant has improved to the point of being able to engage in substantial gainful activity; but it might also consist of evidence that claimant's condition is not as serious as was at first supposed. As for the claimant, he remains at all times under a duty to exercise reasonable diligence in furnishing the Secretary with evidence relevant to his claim.

*Id.* at 746–47 (quoting *Miranda v. Secretary of HEW*, 514 F.2d 996, 998 (1st Cir.

1975)). In the present case, the magistrate stated that despite *Cassiday*, "the claimant retains the burden of proving that a disability exists." Report and Recommendation at 4. We do not find the magistrate's characterization of the "burden of proof" helpful in evaluating the evidence here. Rather, under *Cassiday* we must examine the record to determine if substantial evidence exists that the claimant has improved or that her condition is not as serious as was at first supposed.

■ In the present case the Secretary relied on the first type of proof under *Cassiday*. *See* Memorandum in Support of Defendant's Motion for Summary Judgment at 5 ("Each exam from September, 1981 to present is supportive of the fact that plaintiff's impairment *is not now severe* ...." (emphasis supplied)). In accepting the Secretary's position the magistrate relied on two "physical capacities evaluations" in holding that the Secretary had satisfied its "burden of coming forward with evidence showing that the Plaintiff is no longer disabled." Report and Recommendation at 4–5. However, these "evaluations" were made by non-examining physicians, at least so far as we can tell.[1] The Seventh Circuit has stated that "the weight to be attached to [such] reports must be considered in light of the fact that [the] physician [did not] examine[ ] the plaintiff .... [The] reports, 'without personal examination of the claimant, deserve little weight in the overall evaluation of liability. The [medical] advisers' assessment of what other doctors find is hardly a basis for competent evaluation ....'" *Carver v. Harris*, 634 F.2d 363, 364 (7th Cir.1980) (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir.1974)). *See also Cassiday*, 663 F.2d at 748 (quoting *Carver*). Based on *Carver*, we disagree with the magistrate here that the non-examining physicians' evaluations can serve as satisfying the Secretary's burden or as

---

1. Plaintiff alleged in her motion for summary judgment that the evaluations were performed by non-examining physicians, Memorandum in Support of Plaintiff's Motion for Summary Judgment at 6, and defendant did not challenge her allegation. Nor has defendant chosen to refute plaintiff's continued claim to the same effect before us.

the basis for a finding that substantial evidence of non-disability exists.

■ The magistrate also relied on a letter from plaintiff's treating physician, Dr. I. Joshua Spiegel, dated June 22, 1982. In this letter, Dr. Spiegel stated, in pertinent part, that plaintiff

has pain in the low back which is constant, radiating into the lower extremities. It is increased on movement. She has pain behind the knee caps radiating into the calves of both legs. The pain is aggravated by sitting to [sic] long. There are no neurological findings except bilaterally positive Lasegue Sign.

She is not a candidate for surgical intervention. Her discomfort and her condition is permanent and irreversible. She should do no acute back bending, heavy weight lifting, protracted walking, standing or straining. She cannot perform heavy housework. She can however walk up and down stairs. She cannot function normally in any kind of job which requires the above described activities.

*See* Administrative Record ("AR") 160–61. The magistrate placed heavy emphasis on the statement that plaintiff should do no *heavy* weight lifting or *protracted* walking, standing or straining, stating that a description of "light work," *see* AR 156, revealed that such work involved none of the activities forbidden to plaintiff. *See* Report and Recommendation at 6.

This misses the point. A letter by Dr. Spiegel dated August 1, 1980, *before the initial finding of disability*, contains language identical to that upon which the magistrate relied. Indeed, Dr. Spiegel's evaluation of June 1982 is nearly identical to that of August 1980. Dr. Spiegel's 1982 conclusions therefore provide no basis for a conclusion that plaintiff's condition had improved.

■ Moreover, as defined in the applicable regulations, "light work"

involves lifting no more than 20 pounds at a time with frequent lifting or carrying up to 10 pounds. Even though the weight lifted may be very little, *a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time* with some pushing and pulling of arm and leg controls. *To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.*

20 C.F.R. § 404.1567(b) (1983) (emphasis supplied). Under the Secretary's own regulations, as established by Dr. Spiegel's June 1982 report, plaintiff cannot perform "light work" since she cannot perform "substantially all" of the activities listed in the regulation.

■ In proceedings before the magistrate, the Secretary argued that Dr. Spiegel's statements concerning plaintiff's pain should be given little weight because they were not supported by "objective" evidence beyond plaintiff's own testimony. However, two of the medical reports on which the Secretary relied in support of her argument that plaintiff's claim that she used a cane was not to be believed came before the Secretary's initial determination of disability and thus cannot be relied upon as evidence that plaintiff's condition had improved. *See* AR 91, 96. The only other "impeachment" of plaintiff's testimony concerning her use of a cane came in the form of a form report by Dr. Spiegel to the state agency evaluating plaintiff's disability for the Social Security Administration. *See* AR 146. Spiegel checked a space stating that plaintiff's ambulation was "unassisted." In addition, the Secretary relies on plaintiff's testimony at her hearing before the ALJ, *see* AR 26, that she does not take medication for her pain other than aspirin, arguing that the fact that a claimant does not take pain medication other than aspirin calls into question her claim of disability. These two pieces of evidence, however, are in our view insufficient to meet the Secretary's burden under *Cassiday* of producing "substantial evidence" justifying the termination of plaintiff's benefits. Moreover, based on the report of plaintiff's treating physician, Dr. Spiegel, and plaintiff's own testimony at the hear-

**1150**

ing before the ALJ, there is sufficient evidence of plaintiff's disability even if the magistrate has correctly construed *Cassiday*.

For the above reasons, the magistrate's report and recommendation is overruled. Plaintiff's motion for summary judgment is granted, and defendant's motion for summary judgment is denied. The decision of the defendant terminating plaintiff's period of disability and entitlement to disability insurance benefits is reversed.