German Baez **NUÑEZ**, Plaintiff,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–0543CC.**

United States District Court,
D. Puerto Rico.

July 23, 1984.

786

Francisco J. Hernández-Rentas, Bayamón, P.R., for plaintiff.

Daniel F. López-Romo, U.S. Atty. by Francisco A. Besosa, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

CEREZO, District Judge.

■ This is an action brought under Section 205(g) of the Social Security Act, as amended,[1] for review of the final decision of the Secretary of Health and Human Services denying plaintiff's April 28, 1981 application for disability insurance benefits based on alleged physical and mental impairments. This application was denied at the initial stages of the administrative proceedings and upon reconsideration. After holding a hearing on June 14, 1982, the administrative law judge concluded that plaintiff was entitled to benefits under the applicable provision of the Social Security Act, as amended.[2] This decision having been reversed by the Appeals Council, plaintiff now seeks judicial review. The sole issue to be determined is whether there is substantial evidence in the record as a whole to support the decision of the Appeals Council denying entitlement to disability benefits. The evidence necessary is such relevant evidence as a reasonable mind might accept as adequate to support such a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981). In order to be entitled to disability benefits, plaintiff must establish

---

**1.** 42 U.S.C. Section 405(g).

**2.** 42 U.S.C. Sections 416(i) and 423.

by competent medical evidence that his condition imposes upon him such functional restrictions that he is impeded from performing any type of substantial gainful work.

This is a forty-five year old male [3] with a twelfth grade education and past relevant work experience as heavy equipment operator and truck driver. On May 11, 1979 while performing his work as truck driver, he fell and injured his back. He received medical treatment at the State Insurance Fund for low back pain. The diagnosis at that time was post-traumatic low back syndrome. A myelogram made on August 5, 1980 revealed a herniated nucleous pulposus. He later developed an emotional condition diagnosed as anxiety neurosis for which he received psychiatric treatment at the State Insurance Fund and by a private physician.

A consultative neurological evaluation performed by Dr. Angel L. González Cotto on June 4, 1981 revealed that, although claimant's gait was normal and he had full cervical motion, forward motion in the lumbar region was restricted to 45 degrees. He also reported that plaintiff could do tip toe gait, walk on heels assisted and squat on his knees with difficulty. Plaintiff's sensation on the left leg was decreased and he suffered from paravertebral myositis. According to Dr. González Cotto's evaluation, plaintiff can sit and stand for a period of up to one hour; lift objects weighing a maximum of ten pounds, is unable to bend and can squat, crawl or climb only occasionally. He further reported a total restriction of activities involving driving automotive equipment and the use of the left leg for repetitive movement.

Plaintiff was treated by psychiatrist Frank Rapale since March 21, 1981. He submitted two reports dated September 17, 1981 and March 29, 1982, stating that plaintiff had a severe psychiatric impairment, aggressive behavior, poor judgment and psychomotor retardation. Dr. Rapale found that plaintiff's mental residual functional capacities are markedly restricted and that he has virtually no work adjustment capabilities.

Plaintiff was also evaluated and treated at the State Insurance Fund and the Veterans Administration for his mental condition. A final report dated August 31, 1981 on psychiatric treatment by Dr. José Rivera Maldonado from the State Insurance Fund reveals that, although claimant never showed disorders of thought, of thought content and perception throughout the several interviews, he, nevertheless, had shown disorder of his emotional control, his social conduct, his attention and concentration. Although at the time of the final interview plaintiff's condition had improved slightly, the final diagnosis was anxiety neurosis, of moderate to severe intensity.

The Appeals Council concluded that plaintiff was not disabled under section 223 of the Act since he retained his ability to perform his past relevant work. See also 20 CFR Sec. 404.1520(e) (1983). Based on the evidence on record it concluded that plaintiff retained his ability to perform work related functions not requiring heavy exertion. This conclusion was based in part on an evaluation dated July 20, 1981 of plaintiff's residual functional capacities made by a non-examining physician whose name or signature we cannot make out. On reviewing the record, this physician was of the opinion that plaintiff could stand, walk or sit for a period of up to six hours; lift objects up to a maximum of twenty pounds; use both feet for repetitive movements and that he only had mild restriction for activities involving driving automotive equipment. This assessment conflicts with that made by neurologist Dr. Angel González Cotto who personally examined plaintiff and whose specific findings we have previously mentioned.

 It has been established that reports by a consultative physician who has not examined a claimant lack the assurance or reliability that comes from first-hand observation or professional examination. *Browne v. Richardson*, 468 F.2d 1003, 1006

---

**3.** Plaintiff was forty-three years old at the time of the hearing.

(1st Cir.1972). The weight to be attached to these reports has to be considered in light of the fact that the physician did not examine plaintiff and thus deserves little weight in the overall evaluation of disability. *Allen v. Weinberger*, 552 F.2d 781, 786 (7th Cir.1977). We believe that the opinion of the examining physician is entitled to substantially greater weight than that of the physician who never examined plaintiff but merely reviewed his medical record. *Allen v. Weinberger*, supra; *Carver v. Harris*, 634 F.2d 363, 364 (7th Cir.1980). This conclusion is reached even after considering the progress notes in record which, although expressing at times that plaintiff had no symptoms which required surgery, show that he constantly complained of back pain, pain in his left leg and cramps, at times more severe than others. The more recent of these notes indicate that upon examination plaintiff was symptomatic of a herniated nucleous pulposus in the lumbar region and that surgery was being considered.

■ In reversing the administrative law judge's decision, the Appeals Council concluded that the jobs previously performed by plaintiff were semi-skilled and light, according to the testimony of the vocational expert. Therefore, it decided that plaintiff retained the capacity to do these jobs. Not only is the decision that plaintiff can perform light work not supported by substantial evidence, but this description of plaintiff's previous jobs is inaccurate. The vocational expert explained at the hearing that although driving itself was considered light, the job is considered moderate due to other exigencies such as unloading merchandise and moving heavy equipment through rugged territory. Thus, even assuming that there were substantial evidence to support a conclusion that plaintiff can perform work-related functions of a light nature, he would be precluded from performing any of his past relevant jobs.

To be entitled to disability benefits plaintiff must be impaired to perform not only past relevant work, but any type of substantial gainful activity in the national economy. The vocational expert testified at the hearing concerning plaintiff's capacity to perform other jobs in the economy. In her opinion a person with the residual functional capacities evidenced by Dr. González Cotto's assessment of plaintiff's capacities, who can only spend one hour standing and walking and one hour seated, cannot perform the requirements of a job. Furthermore, she was of the opinion that a person such as the one described by the administrative law judge in the hypothetical question—with constant pain in the back and in his leg, which becomes numb, causing him to fall often and who, because of this condition becomes irritable and does not relate well to other people—would be seriously impaired to function in any type of work in the national economy.

■ The Appeals Council determined that plaintiff's allegation of a severe psychiatric impairment is not consistent with or supported by the evidence. It based its decision particularly on the opinion of psychiatric consultant Carmen I. Rivera Cuesta, who did not consider plaintiff's mental condition to be as severe as reported by Dr. Rapale, the treating physician. We agree that plaintiff does not have a psychiatric disorder as severe as that described by the treating physician in his reports. However, his physical impairment alone is disabling. Furthermore, according to the testimony of the medical advisor, plaintiff does suffer from an emotional condition, albeit secondary to his physical impairment, which need not be as severe as if it was the sole ground for disability, *Cf. Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 666 n. 8 (1st Cir.1981). ("Where pain is considered in combination with exertional limitations, ... it need only be significant enough to prevent the claimant from engaging in the full range of jobs contemplated by exertional category for which the claimant otherwise qualifies,") and which should be considered in combination with his physical impairment, not separately. See: *Dressel v. Califano*, 558 F.2d 504, 508 (8th Cir.1977).

Moreover, it is clear from the transcript of the hearing that the administrative law judge gave substantial weight to plaintiff's personal testimony, to his demeanor and credibility. This is apparent from the hypothetical questions posed by him to the vocational expert which included his physical and mental condition as well as his allegations of pain.

■ Although "it is beyond dispute that the Appeals Council and the Secretary have the power to conclude that testimony, even if uncontradicted in the record, is not credible, since the Secretary is entrusted with the duty of making all findings of fact," *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 386 (6th Cir. 1978), the Appeals Council should have given greater weight to the administrative law judge's decision based on demeanor and credibility.

As stated in *Beavers*, 577 F.2d, at page 387:

The notion that special deference is owed to a credibility finding by a trier of fact is deeply imbedded in our law. The opportunity to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.

■ In *Beavers*, the Court of Appeals for the Sixth Circuit commented:

Pain is a highly subjective phenomenon and each person has an individual threshold of pain, beyond which he or she is unable to ignore pain and function normally. Determining in an individual claim whether suffering has exceeded that threshold, rendering the individual disabled, is necessarily a personal inquiry and depends heavily on the credibility of the claimant. *Id.*, at 386.

Plaintiff's allegations of constant pain are supported by the medical evidence in the record, specifically the results of a myelogram and the neurologist's evaluation upon examination. Disregarding important evidence as to plaintiff's physical impairment, the Appeals Council here gave little weight to the administrative law judge's opinion, based on that evidence and on his evaluation of plaintiff's testimony. Its decision accordingly, is based on very little evidence, scattered on the record. The determination of whether there is substantial evidence to support the findings of the Secretary depends on the record as a whole. We may not focus and base our decision entirely on a single piece of evidence, disregarding other pertinent evidence. Substantial evidence is not simply some evidence or even a great deal of evidence. Rather, the "substantiality of evidence must take into account whatever in record fairly detracts from its weight." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). In that case it was said that the courts are not to "abdicate the conventional judicial function" in reviewing administrative decisions, in spite of the narrow scope of review.

■ Having considered the record of this case as a whole, we conclude that the Secretary's decision is not supported by substantial evidence and that plaintiff has shown by substantial, competent medical evidence that he is entitled to the disability benefits provided by the Social Security Act.

Accordingly, the Secretary's decision is hereby REVERSED and this case is REMANDED to the Secretary for the computation of benefits.

SO ORDERED.