Russell **ANDERSON**, Plaintiff,

v.

Margaret **HECKLER**, Secretary, Department of Health and Human Services, Defendant.

No. 84 C 5693.

United States District Court, N.D. Illinois, E.D.

Feb. 6, 1985.

**48**

Daniel Galatzer, Lamet, Galatzer & Associates, Chicago, Ill., for plaintiff.

Gregory C. Jones, Acting U.S. Atty. by Elizabeth Stein, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

This action was brought by Russell Anderson pursuant to Sections 216(i) and 205(g) of the Social Security Act, 42 U.S.C. §§ 416(i) and 405(g) to review a final decision of the Secretary of Health and Human Services ("the Secretary") denying Anderson Social Security Disability Benefits. Before the Court are the parties' cross-motions for summary judgment. The issue before the Court is whether there is substantial evidence to support the final decision of the Secretary.

For the reasons stated below, this Court finds that substantial evidence does not exist to support the final decision of the Secretary, and the decision of the Secretary is remanded for reconsideration consistent with this opinion.

## I.  FACTS

Russell Anderson is a 49-year-old married male with a high school education and two years of college obtained through a United States Armed Forces Institute. Anderson was employed as a paper cutter which required walking, standing, and lifting bundles which were often over 100 pounds.  On January 8, 1982, Anderson was taken to the hospital from work.  He has not been able to return to work since January 8, 1982.  Since 1981, Anderson has had back surgery five times and complains of constant pain from various claimed back problems which include tumors, muscle spasms, and slipped discs.

On April 19, 1983, Anderson applied for Social Security Disability benefits.  He was denied initially and on reconsideration and after a request for review was denied at each of the first two steps.  An Administrative Law Judge ("ALJ") also heard the case and also denied Anderson's claim.  After the Appeals Council affirmed the decision of the ALJ, Anderson sought judicial review of the case which is before this Court with cross-motions for summary judgment.

## II.  DISCUSSION

To qualify for disability insurance benefits one must be "under a disability" according to 42 U.S.C. § 423(a)(1).  The term disability is defined in subsection (d)(1)(A) as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  The Code defines physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(1), (2), (3) (1978).  A two-step process has been generally accepted in determining "disability."  A medically determinable impairment must be shown to exist, and there must be a factual determination that the impairment renders the plaintiff unable to perform substantial gainful employment, *Lowery v. Weinberger*, [1974 Transfer Binder] Unempl.Ins.Rep. (CCH)

¶ 17,727 (E.D.Tenn.1973), *aff'd.* 495 F.2d 1373 (6th Cir.1974).

In weighing the evidence to determine whether or not a disability exists, the ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion. *Garcia v. Califano*, 463 F.Supp. 1098, 1105 (N.D.Ill.1979); *see also Whitney v. Schweiker*, 695 F.2d 784 (7th Cir.1982). Often, the ALJ must assess the credibility of physicians who either testify or submit statements. In so doing, the ALJ may decide against the treating physician's assessment if it appears to the ALJ that the "personal physician ... might have been leaning over backwards to support the application for disability benefits." *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir.1982).

Under the Act, the burden of proving the existence of a disability falls on the plaintiff. *Bloch v. Richardson*, 438 F.2d 1181 (6th Cir.1971). However, the burden of going forward shifts to the Secretary to prove that there is available some other kind of "substantial gainful employment" that the claimant can perform, once the plaintiff establishes that his impairment is of such significant severity that it precludes him from performing his former work. *McNeil v. Califano*, 614 F.2d 142 (7th Cir.1980).

The review of this Court is limited to determining whether or not the Secretary's findings are supported by "substantial evidence" based on the record as a whole. Generally, the courts define "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Whitney, supra.* Therefore, a showing that the ALJ's decision was not supported by "substantial evidence" requires this case to be remanded.

Since leaving work in early 1982, Anderson has claimed a number of back ailments. These ailments, recorded by treating physicians, range from central disc herniation and muscle spasm to arteriosclerosis involving the spinous joints of the lower lumbar spine and many others. Anderson claims to be in a great deal of pain which the ALJ found to be real. The plaintiff testified that he is required to take a number of drugs for his spasms along with periodic pain treatment injections. He claims that his pain is so intense that he cannot sit for more than one-half hour nor stand for more than 10 or 25 minutes. For all practical purposes, he is confined to his home. He no longer has a driver's license.

Two of the four doctors involved in this case were of the opinion that the plaintiff would never be able to return to work again. In an examination dated May 25, 1982, Dr. Livas, one of the doctors that treated the plaintiff, stated that the plaintiff's pain was continuous, bilateral, and uncontrollable by medication. Medical evidence included a CT-scan interpretation demonstrating a narrowing of the neural foromena at L5/S1, arthritic changes at L4/L5 and the suggestion of central disc herniation at S1. Dr. Livas ordered Anderson to lift no more than ten pounds and sit for no longer than one hour. Dr. Livas' opinion was that the plaintiff was unable to work.

The second treating physician, Dr. Morgenstern, completed three reports dated March 28, October 19, and November 21, 1983. All three reports plainly set forth the opinion that Anderson was so disabled that he could not participate in any type of employment whatsoever.

A consultative examination performed by Dr. Panopio on June 16, 1983 noted muscle spasm at the cervical spine and other complications, but did not comment on the plaintiff's ability to work. The X-ray showed apparent narrowed disc space at L4/L5 level and irregularities involving the spinous processes at L4/L5 as well as osteoarthritis of the small joints with minimal bony lipping involving the interior margins of the lower lumbar vertebrae. A nonexamining physician from the Social Security Administration was of the opinion that Anderson could lift up to 20 pounds occasionally and stand and walk during a full day.

Some courts have held that an ALJ does not commit an impropriety when he relies on his own observations during a hearing concerning the severity of a claimant's pain. However, the ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion. *Garcia v. Califano*, 463 F.Supp. 1098, 1105 (N.D.Ill.1979). Here, two independent doctors who actually treated Anderson over a period of months found that Anderson was so disabled that he could not work. These two opinions were not given proper weight in the ALJ's finding.

■ Controlling weight must be given to examining physicians' opinions over consulting physicians who have only seen the claimant on one occasion. *Allen v. Weinberger*, 552 F.2d 781, 786 (7th Cir.1977). Accordingly, the opinions of nonexamining physicians are given little weight when they conflict with those of the treating physicians. *Whitney, supra.* The present case presents such a conflict. Two examining physicians, one who has seen the plaintiff over a two-year period, have made a determination as to the plaintiff's abilities. The ALJ rejected these opinions without a determination of credibility. Following *Whitney* and *Allen*, the Court finds that the ALJ failed to give proper weight to the treating physicians' opinions in contrast to the great weight given the opinions of the nonexamining physicians.

The defendant suggests that this case may be controlled by *Cummins v. Schweiker*, 670 F.2d 81 (7th Cir.1982), which allows the ALJ to lend little credibility to a treating physician who may have been "leaning over backwards to support the application for disability benefits...." *Id.* at 84. However, in the administrative record, there was no finding that either of the two independent treating physicians had been "leaning over backwards to support the application." The only evidence which supported the ALJ's finding was that of the reviewing physician from the Social Security Administration.

■ Regarding the opinion of doctors who merely review the claimant's medical file and do not perform an examination, the Court in *Whitney* said that a nonexamining report, "without personal examination of the claimant, deserves little weight in the overall evaluation of liability. The advisers' (physicians') assessment of what other doctors find is hardly a basis for competent evaluation...." *Whitney v. Schweiker, supra*, 695 F.2d at 789, (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1190 (8th Cir. 1974)). Considering the evidence of the four doctors' opinions, this Court concludes that the ALJ incorrectly assessed the claim because he did not accord proper weight to the reports of the two examining physicians.

■ In full view of the fact that the ALJ improperly accorded weight to a nonexamining physician and failed to discredit the findings of the examining physicians, this Court concludes that the Secretary's decision to disallow the claimant's benefits was not supported by the requisite "substantial evidence."

### CONCLUSION

Accordingly, cross-motions for summary judgment are denied. This case is remanded to the Administrative Law Judge for further proceedings consistent with this opinion.

IT IS SO ORDERED.